GEORGE H. YOUNG *vs.* MARIAH WHITE, Trustee, &c.

A voluntary conveyance of property is presumed in law to be fraudulent and void as to creditors, without satisfactory proof to rebut such a presumption.

It is only out of favor to the party claiming under the deed, that it is not held by the court fraudulent *per se.* *Held,* that it must be shown, that according to the ordinary course of human transactions, the deed could not operate to hinder, delay, or defeat the claims of prior creditors.

IN error from the circuit court of Lowndes county; Hon. F. M. Rogers, judge.

Richard C. Moore executed a deed of gift to Mariah White, in trust for his wife, and George H. Young, as a prior creditor, levied an execution on a negro conveyed by the deed, and Mariah filed her claim under the statute, and replevied the property. Young's debt was older than the deed; the judgment was younger. Moore was embarrassed at the time.

The court below charged the jury, that a voluntary conveyance will be upheld to defeat prior creditors if it was made

*bonâ fide*, and the party indebted had, at the time, " ample and sufficient means to pay all his debts."

The jury found for the claimant of the property, from which verdict Young prayed this writ of error.

*James T. Harrison*, for appellant.

This decision was made in the face of three adjudicated cases to the contrary, determined by this court. *Bogard* v. *Gardley*, 4 S. & M. 310 ; *Swayze et al.* v. *Doe, ex dem. Mc Crossin*, 13 Ib. 323 ; *Vertner et al.* v. *Humphrey*, 14 Ib. 131 ; *Henry* v. *Fullerton*, 13 Ib. 634.

The plaintiff asked a charge in the very words of the opinion of the court in *Doe, ex dem. O'Daniel* v. *Crawford*, 4 Dev. Law R. 197, which case was approved by this court in *Bogard* v. *Gardley*, 4 S. & M. 310 ; but the charge was refused. 4 Dev. R. 197.

I had supposed that the decisions of our own high court of errors and appeals settled the law, and that they were obligatory upon the circuit court judges ; and besides, the weight of authority is with the court. 6 Ala. R. 506 ; 3 Port. 196 ; 3 Johns. Ch. R. 497, and cases cited ; 4 Wash. C. C. R. 137 ; 11 Mass. R. 421 ; 2 Rand. R. 384 ; 4 Dana, 251 ; 8 New Hamp. R. 44 ; 4 Johns. Ch. R. 450 ; 4 Dev. R. 197 ; 3 Ib. 83 ; 1 Halst. R. 450 ; Ib. 473 ; 5 Cow. 67 ; 1 Brocken. 500 ; 2 Ib. 138 ; 7 Pick. 533 ; 2 Hovd. on Frauds, 74, and cases cited ; 8 Wheat. 229 ; 5 Cond. 419 ; 11 Wheat. 199 ; 5 Cond. 270 ; Bald. 285 ; 2 Kent's Com. 440, 441.

*W. P.* and *J. F. Jack*, for appellees.

There is some conflict of authority on the subject of voluntary conveyances, and the rights of creditors against them. There are decisions which go to the rigorous extent of the rule contended for on behalf of the plaintiff in error. But it was observed by the court, in *Howard* v. *Williams*, 1 Bailey's S. C. R. 582, when speaking of the English decisions on that subject, " that they were all cases in which there was no other property out of which the existing debt could be satisfied ;"

and the same remark is believed applicable to the American cases.

The rule contended for by the appellant, would make every gift of a parent to children and settlement on a wife fraudulent, however prosperous the circumstances of the donor and inconsiderable the debt, if afterwards, by an unforeseen calamity, the donor should become insolvent, and a trifling liability remain which existed at the time of the gift or settlement.

If the charge of the court is not correct, there can be no modification of the exceedingly harsh and unreasonable rule contended for by the creditor in this case.

In *Cadogan* v. *Kennett*, Cowp. 435, Lord Mansfield said: " The circumstance of a man being in debt at the time of making a voluntary conveyance, is only an argument of fraud. The question in every case is, whether the act done is *bonâ fide*, or whether it is a trick and contrivance to defeat creditors." In that case the party was a creditor of Lord Montfort at the time the settlement was made, and yet the settlement was sustained.

The true rule is, that the property reserved must be sufficient to pay the debts, in the ordinary course of human events, and it will not affect the conveyance, if the property reserved ultimately turn out insufficient, by reason of some unforeseen event, as by fire, storm, or sacrifice at sheriff sale. 2 Nott & McC. 546 ; *Howard* v. *Williams*, 1 Bailey, S. C. R. 584.

" A voluntary gift to a child is not necessarily void as to existing creditors, but will be supported, if there be abundant proof that the donor reserved an ample sufficiency to pay all of his debts, and that the gift was made *bonâ fide*, and is free from all taint or suspicion of fraud." 1 Bailey, S. C. R. 585; *Salmon* v. *Bennett*, 1 Conn. 525.

Whether a deed executed by a parent to his child, in consideration of love and affection, is fraudulent as against creditors, is a question of fact for the jury. *Jackson* v. *Simmerman*, 7 Wend. 436.

A voluntary conveyance to grantor's daughter, in consideration of love and affection, leaving amply sufficient means to

meet all his debts, is valid against a subsequent mortgage to secure a previous debt; and if valid at the time of its execution, it is not rendered fraudulent by subsequent embarrassment of the grantor. *Bracket* v. *Wait*, 4 Verm. 389.

A voluntary conveyance, made by one indebted at the time, is not fraudulent, if the grantor had other property sufficient, out of which the creditors may make the amount of their debts. *Arnett* v. *Wanett*, 7 Ired. 41; Ib. 341.

A person indebted to a larger amount than his property, gave his son-in-law, soon after marriage, a slave. *Held*, that the gift was not fraudulent *per se*, though a jury, from these and other circumstances, might infer fraud. *Toulmin* v. *Buchanan*, 1 Stew. 67.

Mr. Justice Fisher delivered the opinion of the court.

This was an issue for the trial of the right of property, in the circuit court of Lowndes county, between the plaintiff in error, as a judgment creditor of R. C. Moore, and the defendant in error, claiming the slave in controversy, under a deed of trust founded upon the consideration of natural love and affection, by the said Moore, for his wife, to the claimant as her trustee.

A verdict and judgment were rendered in the court below for the claimant. A motion was made for a new trial by the counsel for the plaintiff in error, and was overruled by the court. The question presented by the record is, whether the deed as to prior creditors of the grantor is void.

The law presumes a voluntary conveyance as to such creditors to be fraudulent and void, and the party claiming under it must, by clear and satisfactory proof, rebut this presumption. It will not be sufficient, merely to, show the fair intentions of the grantor, and that by good management the property by him retained was sufficient to pay his debts. The proof must show, that by the ordinary course of human transactions, the deed could not operate to hinder, delay, or to defeat the claims of prior creditors.

It is only out of favor to the party claiming under the deed, that it is not held by the courts fraudulent *per se;* and the rule

13 *

having been relaxed, merely to let in the party's evidence to explain the transaction, it follows that the evidence must afford a sufficient explanation, by showing, that the property conveyed was so inconsiderable, when compared with that retained by the grantor, and the amount of debts he then owed, that it could not be supposed to endanger the safety of a debt, or to delay its payment.

In our opinion, the proof in the record was not sufficient to rebut the presumptions of fraud, created by the plaintiff's evidence.

We, therefore, reverse the judgment, and grant a new trial.