## Case No. 11,374.

PRATT v. CAMPBELL.

[See 2 Pet. (27 U. S.) 354.]

---

## Case No. 11,375.

PRATT v. CURTIS et al.

[2 Lowell, 87;[1] 6 N. B. R. 139.]

District Court, D. Massachusetts. Dec., 1871.

BANKRUPTCY—RIGHTS OF ASSIGNEE—SUIT TO SET ASIDE DEED FOR FRAUD—JURISDICTION OF FEDERAL COURTS — CONVEYANCE FOR BENEFIT OF WIFE AND CHILDREN OF BANKRUPT.

1. An assignee in bankruptcy succeeds to the rights of creditors, and may maintain a suit to set aside a deed for fraud, actual or constructive, though the fraud be not one mentioned in section 35 of the bankrupt act [of 1867 (14 Stat. 534)].

[Cited in Flanders v. Abbey, Case No. 4,851; Cady v. Whaling, Id. 2,285.]

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

2. The courts of the United States have jurisdiction in equity to set aside such a deed, though there may be concurrent jurisdiction at law, the remedy at law not being considered in all cases adequate and complete.

[Cited in Mattocks v. Rogers. Case No. 9,300; Lee v. Hollister, 5 Fed. 757; Orendorf v. Budlong, 12 Fed. 25.]

3. A bill in equity by an assignee in bankruptcy, which charged that a debtor made a conveyance for the benefit of his wife and children at a time when he was much embarrassed, and that some of the creditors, at the date of the deed, were still creditors at the date of the bankruptcy, was *held* good on demurrer, though it did not charge that the debtor was insolvent when he made the deed.

[Cited in Smith v. Kehr, Case No. 13,071; Platt v. Mead, 9 Fed. 98; Warren v. Moody, 122 U. S. 132, 7 Sup. Ct. 1065.]

[Cited in brief in Cook v. Whipple, 55 N. Y. 156; Norton v. Elk Horn Bank, 55 Ark. 59, 17 S. W. 363.]

4. It seems, that to render a voluntary deed for the benefit of wife and children fraudulent as to creditors, it would be enough to prove that the grantor was in a doubtful position in respect to solvency.

5. An assignee in bankruptcy is the proper party plaintiff to impeach a deed given by the bankrupt, though only one class of creditors is interested to set it aside.

[Cited in Warren v. Moody, 122 U. S. 132, 7 Sup. Ct. 1065; Re Thomas, 45 Fed. 792.]

6. If a subsequent purchaser of land, said to have been fraudulently conveyed, is made defendant to a bill to set aside the conveyance, he should be charged to have had knowledge of the fraud.

[Cited in Myers v. Hazzard, 50 Fed. 162.]

Two bills in equity by [Isaac Pratt, Jr.] the assignee of the firm of [Francis] Curtis & Collamore, asking that certain conveyances made by Mr. Curtis about fifteen months before his bankruptcy should be set aside, and for other relief. The first suit related to certain lands in Charlestown, settled in trust for the children of the settlor, and alleged that the deed was voluntary; that Curtis, at the time of the settlement, was indebted to the plaintiff and others, who were still his creditors, and was embarrassed in his circumstances, and that the deed was made with intent to delay and defraud his creditors. The second bill was similar, excepting that it related to other lands, and that the conveyance was alleged to be for the benefit of the wife of Mr. Curtis, and that a purchaser of the lands from the trustees was made a party defendant. Demurrers were filed to both bills.

H. C. Hutchins and H. H. Currier, for defendants.

1. The bill does not allege the particular provision of the bankrupt act on which the plaintiff relies. Nor does it allege title in the assignee. Both of these things are essential in good pleading. In re Broome [Case No. 1,966]; Bean v. Brookmire [Id. 1,168].

2. A conveyance is not fraudulent or void simply because it is voluntary, nor because the grantor is more or less indebted. The bill should show that the property conveyed was unreasonable in amount, or that the remaining assets were not sufficient to pay the debts existing at the time of the conveyance, or some other kindred allegation. Sexton v. Wheaton, 8 Wheat. [21 U. S.] 229; Hinde v. Longworth, 11 Wheat. [24 U. S.] 199; Babcock v. Eckler, 24 N. Y. 622; Sedwick v. Place [Case No. 12,620], and cases there cited; Salmon v. Bennett, 1 Conn. 525; Thacher v. Phinney, 7 Allen, 150; Lerow v. Wilmarth, 9 Allen, 386; Winchester v. Charter, 12 Allen, 606; Id., 97 Mass. 140; Id., 102 Mass. 272.

3. The assignee in bankruptcy represents all the creditors, and there is nothing in the bills to show that many of the debts are not subsequent in date to the deeds. If they are, the allegations ought to be sufficient to avoid the deed as against the creditors who hold these debts, or the assignee has nothing to do with the fraud.

4. There is no allegation that Wiswall was not a bona fide purchaser without notice. If he was, the action cannot be maintained against him. 3 Washb. Real Prop. 226, 296, 297; 1 Story, Eq. §§ 432b, 434; Enders v. Williams, 1 Metc. (Ky.) 346; Salmon v. Bennett, 1 Conn. 525.

5. The remedy is at law. Woodman v. Saltonstall, 7 Cush. 181.

M. F. Dickinson, Jr., for plaintiff.

LOWELL, District Judge. 1. In the courts of this state an assignee in insolvency must proceed at law for lands conveyed in fraud of creditors, unless the rights of more than two parties are involved, or some peculiarly equitable relief is required. But the equitable jurisdiction of the courts of the United States does not depend altogether upon the remedies given by the state courts. It is substantially the same throughout the country, and very nearly the same now that it was in 1789; and nothing is better settled than that this jurisdiction exists in those cases in which the chancery courts in England have concurrent jurisdiction with the courts of common law, and notably of bills by creditors to set aside deeds said to be voidable by them. Shelton v. Tiffin, 6 How. [47 U. S.] 163; Bean v. Smith [Case No. 1,174]; Hagan v. Walker, 14 How. [55 U. S.] 29. In respect to the second bill, it was admitted at the bar that the remedy at law might not be adequate; because, if Mr. Wiswall was a bona fide purchaser without notice, the trustees might still be held to account in equity for the purchase-money, though the land would be beyond their reach. Hubbell v. Currier, 10 Allen, 337. But the decisions in the federal courts do not turn on any such distinction.

2. The objection that the bill ought to point out the particular section of the bankrupt law which gives the plaintiff a right to set aside the deeds, is not sound. The plaintiff is to set out facts, and it would be bad pleading to allege the law. Perhaps the meaning of the objection is that the assignee in bankruptcy cannot avoid any transfers of property, but

such as come within section 35, which these deeds do not, because they were made more than six months before the bankruptcy. This is a mistake. That section refers only to frauds on the act itself; but the assignee can, as a general rule, avoid any conveyances which the creditors could avoid. Thus in Carr v. Hilton [Case No. 2,436], it was decided that an assignee under the bankrupt act of 1841 [5 Stat. 440] could maintain a bill of this kind relating to lands conveyed by fraud before the passage of the act, although that act did not mention conveyances in fraud of creditors. So, under an insolvent law which had no express provision on the subject, Parke, B., said, "A deed which is void as against creditors is void as against those who represent creditors." Doe v. Ball, 11 Mees. & W. 531. [That decision would govern this case, even if the law of 1867 was silent.] [2] The bankrupt act, at section 14, vests in the assignee "all the property conveyed by the bankrupt in fraud of his creditors,"—being intended, I suppose, to meet any possible doubt that might remain, notwithstanding the decisions.

3. Does the bill state a case of fraud on creditors? The defendants, very justly, draw a distinction between creditors at the time of the conveyance and those who become such afterwards. Under our laws, which require the recording of deeds for the very purpose of notifying creditors as well as purchasers, this general distinction, which is admitted in England, is highly just and equitable. It has been fully adopted by the courts of the United States in the cases cited. It is, however, the statute of 13 Eliz., as adopted and construed in Massachusetts, which governs this case; and I have, therefore, examined the decisions of the state with some care. From them I derive the following propositions: 1. A voluntary conveyance to a wife or child is not fraudulent per se; but it is a question of fact in each case whether a fraud was intended. 2. Such a deed made by one who is considerably indebted is prima facie fraudulent, and the burden is on him to explain it. 3. This he may do by showing that his intentions were innocent, and that he had abundant means, besides the property conveyed, to pay all his debts. 4. If the deed was not in fraud of existing creditors, the burden of proof is on the subsequent creditors to show a fraud on them. Thacher v. Phinney, 7 Allen, 146; Lerow v. Wilmarth, 9 Allen, 382; Winchester v. Charter, 12 Allen, 606; Id., 97 Mass. 140; Id., 102 Mass. 272.

These bills do not allege the facts which would be necessary to show a fraud on subsequent creditors only; but the rule is, that, if a deed is avoided by antecedent creditors, the land or its proceeds goes to creditors generally. Walker v. Burrows, 1 Atk. 94; Townshend v. Windham, 2 Ves. Sr. 11; Jenkyn v. Vaughan, 3 Drew. 419; Whittington v. Jen-

nings, 6 Sim. 493. The case last cited went this length,—that a creditor whose account had been running when the voluntary settlement was made might set it aside, though the items of debt at the date of the deed had all been paid, the balance having always been increasing. I am not aware that the precise point has arisen in Massachusetts; but the dicta support the plaintiff's view, that if a conveyance is fraudulent as to existing creditors, it is so as to all. Winchester v. Charter, 12 Allen, 609, per Bigelow, C. J. In England, there appears to be another rule in equity, that if there be nothing to impeach the settlement, excepting that it is voluntary, and no intent to defraud subsequent creditors is proved, they will not be permitted to impeach the deed, without showing one or more antecedent debts outstanding when the bill is filed. Holloway v. Millard, 1 Madd. 414; Lush v. Wilkinson, 5 Ves. 384. This doctrine is not easily to be reconciled with the other, nor with principle; because it makes the validity of the conveyance depend on matters arising ex post facto. It probably gained a footing in the courts at a time when all such conveyances were held to be absolutely fraudulent in law as against existing creditors, and was a sort of equitable mitigation of the rigor of that doctrine. Whether this is the law here I do not now inquire, because this bill alleges the existence of antecedent debts. Whether the grantor must be actually insolvent at the time, in order to render the conveyance fraudulent against existing creditors, has been disputed. In Winchester v. Charter, 12 Allen, 609, Bigelow, C. J., says that a voluntary transfer of property by a person deeply indebted, and whose property was inadequate "or barely sufficient" for the payment of his debts, would furnish strong presumptive evidence of fraud. At another place on the same page, he says it is necessary to show that he was indebted beyond his probable means of payment. In Parish v. Murphree, 13 How. [54 U. S.] 100, McLean, Circuit Justice, says, that, in case of a merchant, insolvency need not be proved; it is enough to show that his situation was such that a prudent man, with an honest regard to the rights of his creditors, could not have made such a settlement. I am much inclined to believe that if insolvency were distinctly proved as matter of fact, the intent to defraud existing creditors would follow as matter of law, because one who undertakes to make a voluntary conveyance must be presumed to know the state of his affairs. Christy v. Courtenay, 13 Beav. 96. It has been so held even in cases of preference; but the argument applies much more strongly to a gift, because a trader may often make payments of just debts in the ordinary course of business without any thought of his standing in respect to other creditors; but in making a gift, he undertakes to say that he is in a position to make it with justice to them. On the other hand, if insolvency is not clearly shown, the true inquiry, perhaps, is that put

[2] [From 6 N. B. R. 139.]

by Mr. Justice McLean, whether a prudent man. having a just regard to the rights of his creditors, would have permitted himself to do the act. These bills do not allege insolvency; but all the cases agree that if the grantor is much indebted, or is embarrassed, the burden of proof is on him to explain the transaction, if questioned by existing creditors; and these facts are alleged. It follows that the bills are sufficient to require the respondents to answer, unless their objection, that the deeds can be set aside only to the extent that may be necessary to pay antecedent debts, and that the assignee cannot work out this equity, is well taken. We have already seen that the doctrine of courts of equity in England is, that if the deed is set aside the property becomes assets. I do not decide this point, however, because, in my opinion, the assignee in bankruptcy, and he only, has the right to impeach the deed in the interest of any class of creditors. Many cases might arise in which the only difficult point to be decided would be whether all the creditors, or only certain of them, were interested; and, upon the theory of the defence, it would depend upon the decision of that point whether the suit should stand or fall, though it was clear that the deed was fraudulent as to some creditors; while, if the assignee can bring the suit in either event, that difficulty is obviated. Assuming, therefore, that the law will only require antecedent creditors to be indemnified, for which I have not yet seen the authority, I rule that the assignee in bankruptcy is the only proper party plaintiff to impeach the deed. Beals v. Clark, 13 Gray, 18.

The second bill is defective, so far as Mr. Wiswall is concerned, in not alleging distinctly his participation in or knowledge of the fraud. He is not a necessary party to the bill; because the other defendants may be required to account for the proceeds of the sale to him, although his title should be found or be admitted to be unimpeachable. Indeed, Marshall, C. J., has said, in such a case, that no decree ought to be made against a purchaser, so long as there were volunteers before the court who were able to pay the debt. Hopkirk v. Randolph [Case No. 6,698]. The demurrer is sustained as to the defendant Wiswall, with costs, unless the plaintiff chooses to amend within ten days, upon the terms of paying his costs up to this time. The other defendants are to answer over in two weeks, their demurrer being overruled.