LUCINDA GAINER ET AL., APPELLANTS, VS. JOSEPH W. RUSS, APPELLEE.

1. Parties owing debts and threatened with suit, who are entitled as heirs at law to real estate of the value of $1,500 from the estate of their father who died possessed also of personal property worth over $1,000, before judgment recovered against them convey to a relative also an heir the real estate in consideration of her promise to pay the debts owing by their father amounting to about $200; and one of the judgment debtors sues out letters of administration of the estate of the deceased and as such takes possession of the personal property : *Held*, Upon creditor's bill, that the conveyance of the real estate under the circumstances was fraudulent and void as against the judgment creditor.

2. The mere denial in an answer of a fraudulent intent in conveying property beyond the reach of an execution against them, while admitting all the facts which in law and equity constitute a fraudulent conveyance, is not such a denial as must be overcome by the testimony of several witnesses or equivalent evidence. Such denial must relate to facts charged and not to the conclusions and arguments flowing from the facts.

3. A decree under a creditor's bill directing the sale of the interest of certain heirs at law in real estate to satisfy a judgment against them, which real estate the heirs had conveyed for the purpose of hindering and delaying their creditor, does not interrupt the due administration of the estate by an administrator.

Appeal from the Circuit Court for Jackson county.

The facts of the case are stated in the opinion.

*D. L. McKinnon* for Appellants.

*J. F. McClellan* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

This is an ordinary creditor's bill. Russ held the note of the defendants, W. G. E. Gainer, James Y. Gainer and Lucinda Gainer for $755.61, dated January 1, 1880, paya-

ble one day after date. The bill alleges that in December, 1880, the complainant pressed the makers for payment but they paid nothing. That on December 29, 1880, the makers of the note conveyed by deed to Lucretia A. Alderman, the wife of Robert J. Alderman, nine hundred and twenty acres of land in Jackson county for the nominal consideration of seven hundred and fifty dollars, but that in fact nothing was paid. In January, 1881, suit was brought against the makers of the note, and in April final judgment was taken against them for $831.64 and costs, which remains unsatisfied.

The defendants, W. G. E. Gainer, James Y. Gainer and Lucretia A. Alderman, were the children and heirs at law of James W. Gainer, who died in 1878, and Lucinda Gainer was his widow. At the time of his death he was seized and possessed of the land mentioned worth, as alleged, fifteen hundred dollars, and of oxen, hogs, mules, horses and other cattle, and of farming implements, all of the value of about one thousand dollars. In February, 1881, Lucinda, the widow, sued out letters of administration upon the estate of her husband. The debts owing by the deceased were about two hundred dollars. The bill alleges that nothing was paid or to be paid by Mrs. Alderman or her husband to the defendants for the conveyance of their interest in the land, but that it was agreed between them that Alderman and his wife in consideration of the conveyance should pay off the debts owing by the deceased. The grantors remain in possession of the land, and they have no visible property upon which complainant can levy to satify his execution, the personal estate being in the hands of the administratrix.

The bill charges that the personal estate is ample to pay off all the debts of the deceased, and that the pretended sale and conveyance was made to hinder and delay com-

plainant in the collection of his judgment and was fraudulent and void. He prays that the conveyance be declared fraudulent and set aside, and that the interest of Lucinda, William G. E. and James Y. Gainer, the judgment debtors, in the land be sold, and the proceeds applied to the payment of the judgment.

The defendants demurred to the bill for want of equity; that it is multifarious; that it joins an administratrix in a bill to set aside a deed to which she was not a party as administratrix, and that it seeks to enjoin an administratrix from discharging her duty as such.

The demurrer was overruled.

Defendants then filed a plea alleging that complainant, before obtaining his judgment, attached and levied upon the lands described and a large portion of the personal property belonging to the estate of James W. Gainer, and also "garnisheed" Alderman and his wife, and upon the trial of said attachment and garnishment a judgment was rendered against complainant.

This plea was overruled.

Defendants then answered admitting all the facts charged in the bill, but deny the fraud or intent to defraud. They say they were prompted to convey the land to Lucretia A. Alderman to save the personal estate which they considered of more value to them than the land, Mrs. Alderman agreeing that in consideration of the conveyance to her she would pay off all the debts chargeable against the estate of James W. Gainer, deceased. Annexed to the answer is a schedule of claims against the estate, paid or to be paid by Mrs. Alderman, amounting to about two hundred and twenty dollars.

One witness only was examined. The complainant introduced George A. Baltzell, who testified that "sometime before the execution of the deed, but after J. W. Russ had

sued the boys, (Wm. G. E. Gainer and James Y. Gainer,) R. J. Alderman asked me if the lands were subject to the debts of Wm. G. E. Gainer and James Y. Gainer. I inquired of him who the lands belonged to. He said to the estate of James W. Gainer. I told him that it was not subject to their debts. Subsequently he, Alderman, brought me a deed unsigned and blank, as he said, from D. L. McKinnon. I remarked to him there was no consideration stated; he, Alderman, told me to fill it in, and as well as I can recollect the consideration was put in at $1 per acre. Alderman, Bridges and myself then went to the house now occupied by S. Brash and witnessed the signatures of the parties." This witness also testified: "There was nothing said as to the consideration of the deed. When the deed was executed, R. J. Alderman took it and handed it to his wife, who said she knew nothing about it."

The Chancellor decreed that the deed was fraudulent, null and void as against the claim of complainant. That said deed be and is hereby set aside, annulled and declared of no effect, and that a master sell the interest of Lucinda, William, G. E. and James Y. Gainer in said lands and execute a deed to the purchaser, and that the money arising from the sale be applied to pay the debt due the complainant, and that the defendants pay the costs.

The defendants appeal from this decree. They allege error in overruling the demurrer to the bill and sustaining the demurrer to their plea, and in granting the decree setting aside the deed upon the testimony of only one witness.

The bill shows a plain case for the exercise of the equity powers of the court. These debtors, before suit, are pressed to pay their debt, and before judgment can be recovered against them they convey to the daughter of one, who is the sister of the other two, their interest in land worth $1,500, for the avowed purpose of saving to themselves the

personal estate of their husband and father free from the payment of his debts, amounting only to about two hundred dollars, and the necessary effect of their conveyance to Mrs. Alderman was to place the land beyond the reach of an execution to satisfy their debt of over eight hundred dollars due to complainant, while they have no property subject to execution.

There was ample personal property to pay the debts of the intestate, and this should be so applied before resorting to the real estate. Instead of this they endeavor to make the real estate, worth $1,500, pay the debts and to save the personal (which they say is of more value than the land) to themselves, and keep the land from their own creditors. The result is a fraud upon their creditor.

A proper case for equitable interference is, therefore, clearly made by the bill and the demurrer was properly overruled. The plea shows nothing except that plaintiff endeavored to collect his claim by law and failed. It was overruled, of course, as it should have been.

The defendants insist that they having denied the fraud by the oaths of four of them, while there is the testimony of only one witness against them, their answer is not disproved. But they have denied only that they intended to defraud, while they admit all the facts charged in the bill and allege other facts tending to show the fraudulent character of their acts as charged against them. The testimony of the witness shows that Mrs. Alderman knew nothing of the objects of the transaction, and that no definite consideration for the conveyance had been agreed upon. If the consideration was as stated by them, to wit: the payment of the father's debts of about $200, (which debts should be paid out of his personal estate,) it was so grossly inadequate to the value of the interest conveyed that the presumption of fraud naturally arises, the grantors being indebted and

11

without other means of payment. This grantee is not a *bona fide* purchaser for she paid nothing at the time, and in fact " knew nothing about" the matter. She was a mere listless instrument used by the other defendants for their own purposes. Nor is it even alleged in the answer that she or any one for her has since the conveyance paid any of the debts which it is alleged she agreed to pay, and there is no proof of any such payment.

The denials in an answer in order to make it evidence and to require it to be overcome by the testimony of two witnesses or its equivalent, must be denials of the facts stated in the bill and not merely denials of conclusions or arguments flowing from facts? Copeland vs. Crane, 9 Pick., 73; 1 Dan. Ch., 844.

The 4th ground of error is, that the decree does not require the repayment to Lucretia A. Alderman of the amounts paid out by her on the purchase.

If she has advanced anything on account of the debts of her father she may be entitled to reimbursement by presenting her claims to the administratrix. Her position here is not such as entitles her to reimbursement out of the land under a decree in this case. In fact, as above stated, it is not alleged in the answer, nor is it proved that she has paid anything.

The remaining errors assigned are, that the decree requires the property of the estate of James W. Gainer to be appropriated to the individual debts of the heirs while there are outstanding debts against the estate remaining unpaid, and that the decree will prevent the faithful discharge of her duties by the administratrix by taking the property from her.

The answer to this is, that such is not the effect of the decree. It does not interrupt the due administration of the estate. The sale under the decree will be of the interest

of the judgment debtors, whatever it may be, subject to the claims of creditors of the estate. The status of the administratrix as such is not disturbed by the decree.

The decree is affirmed.