ADDISON P. McKEOWN, APPELLANT, vs. J. WESLEY ALLEN AND LUCY ALLEN, HIS WIFE, APPELLEES.

1. A voluntary conveyance by one who is indebted is presumptively fraudulent when attacked by a judgment creditor upon a debt existing at the time of its execution. In such cases it is not necessary to show that the debtor was actually insolvent at the time he executed the conveyance.

2. The general rule is that a deed with a consideration merely nominal will be considered voluntary, as against attacking creditors.

3. A conveyance of lands by a husband to his wife which purports to be made "in consideration of love and affection, and for the sum of one dollar cash in hand paid, the receipt whereof is hereby acknowledged," is purely voluntary, and void as against existing creditors of the husband.

4. Voluntary conveyances by debtors of their real estate are not absolutely fraudulent *per se*, but are *prima facie* or presumptive evidence of fraud, which may be rebutted or explained, and the burden of proof to show that the deed was not fraudulent falls upon those claiming under it.

5. As to existing creditors of the grantor, one dollar is no good or valuable consideration for land which cost $250, to which improvements have been added, and forty-six head of cattle and twenty-five head of hogs.

6. It matters not whether the intention of parties to a voluntary conveyance is to hinder and delay creditors. When such hindrance and delay is the result of such a conveyance the real motive of the parties is immaterial.

Appeal    from    the    Circuit.    Court    for    Citrus county.

### STATEMENT.

The appellant, who was complainant below, and if hereinafter called the complainant, on April 10th, 1889, brought his bill in chancery against the appellees, defendants below, hereinafter called the defendants. The bill sought to subject a forty-acre tract of and therein described to the payment of a judgment obtained by complainant against the defendant J. Wesley Allen. It was alleged that the indebtedness upon which such judgment was obtained was for the purchase money on said land. This was emphatically denied by the answer, which alleged that such indebtedness was for money due upon the purchase of cattle and other stock. The court being of opinion that the evidence does not sustain the allegations of

the bill in this respect, no further statement of the contention of the parties upon the subject of a vendor's lien need be made. It appears from the bill and the admissions of the answer that the indebtedness upon which the judgment was obtained had been in existence since about the year 1866. The said indebtedness consisted of a promissory note originally payable to one Jason L. Alford. Said Alford sold and delivered one of said notes to one LeRoy McKeown and C. McKeown. Said defendant J. Wesley Allen in October, 1871, executed a new note to said LeRoy McKeown who, on January 7th, 1887, sold and transferred the same to complainant. Numerous small payments were made on said note by said J. Wesley Allen, the last one being made December 24th, 1884. That complainant brought suit on said note in Hernando county and recovered a judgment for $235 thereon on October 2d, 1888. A certified copy of said judgment was duly filed in Citrus county and execution issued thereon. The sheriff of Citrus county, by virtue of said execution, levied upon said land, and advertised the same to be sold January 7th, 1889. The defendant, J. Wesley Allen, for his wife, claimed said land as the homestead of his wife, and the said sheriff desisted from said sale. The said sheriff was not able to find any other property of the defendant J. Wesley Allen upon which to levy and duly made a return of *nulla bona* upon said execution.

On December 12th, 1888, the defendant J. Wesley Allen filed in the office of the Clerk of the Circuit Court of Citrus county a deed of conveyance of the above described land and some personal property made directly from himself to said Lucy Allen, his wife. The bill of complaint alleges that said deed was purely

a voluntary conveyance, and made for the purpose of hindering and defrauding complainant and other creditors of said defendant J. Wesley Allen; and prayed that the said conveyance be declared null and void, and that the said land be decreed to be subject to the complainant's judgment, and be sold for the satisfaction thereof. A copy of the deed referred to was attached to the bill of complaint and made an exhibit thereto. Upon the face of this deed it appears that the defendant J. Wesley Allen, "for and in consideration of the sum of one dollar to him in hand paid by Mrs. Lucy Allen," his "beloved wife," and "in consideration of the love and affection" he had "for her," did "bargain, sell and convey unto the said Mrs. Lucy Allen," etc., the said tract of land, and the "entire stock of cattle" of said defendant, "consisting of forty-six head, more or less," and his "entire stock of hogs, consisting of twenty-five head, more or less." Said deed contained the usual covenants of warranty.

The answer denied that the consideration for said deed was a voluntary consideration, and that the same was made for the purpose of hindering and defrauding the complainant or other creditors. It denied that said defendant J. Wesley Allen, at the time of the execution of said conveyance, had other creditors, or that he was in any way involved or indebted; and averred that the consideration for said deed, as expressed therein, was a valuable one, and that it was sufficient to vest the title in said defendant Lucy Allen. The answer alleged that said Lucy Allen had ever since said deed been in possession of said land. A replication was filed to the answer and testimony taken.

From the testimony it appears that the defendant J. Wesley Allen went into possession of said land in 1866, and has remained continuously in possession of the same. The same was not a portion of his homestead. He had selected and taken his homestead upon other land. The parties had continuously lived together as husband and wife, and there had been no visible change of possession in the land, which was a part of their home place, since the execution of said deed. Said J. Wesley Allen testified that he sold the land to his wife for the consideration expressed in the deed. That he did so because his life was in jeopardy every day, and to give his wife a home independent of all administrators and technicalities. That he consulted with friends before he did so, and acted upon their advice. That he was not greatly indebted at the time, and did not make the deed to avoid the payment of any debt. There was no proof of the actual payment of the consideration named in the deed. Mrs. Lucy Allen testified that one dollar was the consideration upon which the deed was made. The land originally cost $250, and had been improved since the purchase.

*A. Paterson*, for Appellant.

No appearance for Appellees.

LIDDON, J.:

The answer makes no defense upon any claim of homestead upon the part of Mrs. Lucy Allen, and that question is eliminated from the discussion.

In a recent decision of this court, made at the present term (Claflin & Thayer vs. Ambrose) it was held that "a voluntary conveyance of real property not his

homestead, made by a husband to his wife when in failing circumstances, is void as to his creditors whose claims existed at the date of such conveyance." This is a correct statement of the law applicable to the facts of the case then before the court. The voluntary conveyance which was avoided in that case was made when the proof shows that the husband who was engaged in a mercantile business was in failing circumstances; the failure and an assignment for the benefit of creditors by the firm of which such husband and grantor was a member occurred within a few months afterwards. It is not necessary, however, in order to avoid such a voluntary deed that the husband grantor therein should be in what, in common language, is called "failing circumstances." A voluntary conveyance by one who is indebted is presumptively fraudulent, when attacked by a judgment creditor upon a debt existing at the time of its execution. In such cases it is not necessary to show that the debtor was actually insolvent at the time he executed the conveyance. Bump on Fraudulent Conveyances, p. 278; Pratt vs. Custis, 2 Lowell, 87; Ellinger vs. Crowl, 17 Md. 361; Martin vs. Evans, 2 Rich. Eq. 368; Cook vs. Johnson, 12 N. J. Eq. 51, S. C. 72 Am. Dec. 381; Williams vs. Banks, 11 Md. 198; Young vs. White, 25 Miss. 146. In the case of Worthington vs. Bullitt, 6 Md. 172, text 198, 199, the court, as we think, correctly held: "If * at the time of the execution of the deed the grantor had creditors, who would be hindered, delayed and exposed to expense and difficulty in collecting their debts, by reason of the deed, even though the grantor was not in fact insolvent, still so far as it was voluntary, or rested upon the consideration of natural love and affection; it would be void. * * * We have not

said, nor do we design to intimate, that the deed in question was in fact fraudulent in its inception. We pronounce it void because of the fact alone of its having been a voluntary conveyance, made at a time when the grantor was indebted, and that that indebtedness still exists.'' There can be no doubt that the deed under consideration was a voluntary one. The general rule is that a deed with a consideration merely nominal will be considered voluntary as against attacking creditors. Ridgeway vs. Underwood, 4 Wash. (Ct. Ct.) 129. Passing upon a deed almost identical in its statement of a consideration, the Supreme Court of Alabama has well said: ''A conveyance of lands by a husband to his wife, which purports to be made in consideration of love and affection, 'and for the sum of one dollar cash in hand paid, the receipt whereof is hereby acknowledged,' is purely voluntary and void as against the existing creditors of the husband.'' Houston vs. Blackman, 66 Ala. 559, S. C. 41 Am. Rep. 756. Such a deed can only be upheld in equity when it is founded upon a good and meritorious consideration, and does not interfere with existing rights of third persons. Waterman vs. Higgins, 28 Fla. 660, 10 South. Rep. 97; Claflin & Thayer vs. Ambrose, *supra*.

There is some conflict of authority as to the effect upon the rights of existing creditors of voluntary conveyances by debtors of their real estate. By some authorities it is held that such conveyances by a man indebted at the time is of itself a fraud upon creditors, no matter how innocent or meritorious the motive with which the conveyance was made, or how inconsiderable the part of the grantor's property which is disposed of. Upon the other hand, the greater weight of authority supports the proposition that such convey-

ances are not absolutely fraudulent *per se*, but that they only afford a *prima facie* or presumptive evidence of fraud which may be rebutted or explained. In a note to Jenkins vs. Clement, 14 Am. Dec. 704, 705, Mr. Freeman, the able editor of this series of reports, has collated the authorities upon both sides of this question. Upon the same subject, see, also, Wait on Fraudulent Conveyances, secs. 93, 94. The presumptions of fraud arising from the execution of the voluntary deed, the burden of proof to show that the deed was not fraudulent falls upon the defendants. Chaflin & Thayer vs. Ambrose, *supra;* Wait on Fraudulent Conveyances, secs. 95, 225; Bump on Fraudulent Conveyances, sec. 269; Harrell vs. Mitchell, 61 Ala. 270; Williams vs. Banks, 11 Md. 198; Pratt vs. Curtis, 2 Lowell, 87. It is unnecessary for the purposes of this case to discuss what facts or circumstances would rebut the presumption of fraud arising from the execution of the deed. The defendants offer no reason why the deed should be upheld, and make no defense except that the consideration named therein was a valuable one, and therefore it was not a voluntary conveyance. There is no proof of the payment of any consideration. As to existing creditors of the grantor, one dollar is no good or valuable consideration for land which cost $250, to which improvements had been added, and forty-six head of cattle and twenty-five head of hogs. Authority would not seem to be needed upon so plain a proposition, but the Alabama case cited is precisely in point.

The defendants deny that their intention was to defraud, hinder or delay creditors, in the execution of the conveyance between them. Such hindrance and

delay of the complainant, however, has clearly been the result of the conveyance. Where such has been the effect of the conveyance, the real motives of the parties thereto are immaterial. Marmon vs. Harwood, 124 Ill. 104, 16 N. E. Rep. 236, S. C. 7 Am. St. Rep. 345.

While we have said that it is not essential to show that the debtor was insolvent at the time of the execution of the voluntary conveyance, we think upon principles of law governing the case that it does appear that J. Wesley Allen was insolvent at the time he executed the deed in controversy to his wife. By the return of *nulla bona* upon the execution it appears that he was wholly insolvent at such time, and as to real estate, except that included in the deed, was insolvent when the judgment was rendered. The debt upon which judgment was recovered was in existence for years before the conveyance was executed. In such cases the insolvency will be considered as extending back in time beyond the conveyance. Carlisle vs. Rich, 8 N. H. 44; Strong vs. Lawrence, 58, Iowa, 55, 12 N. W. Rep. 74.

The decree of the Circuit Court is reversed with directions that a decree be entered for complainant granting the relief prayed for in the bill of complaint.