JAMES WEATHERSBEE, and NELLIE WEATHERSBEE, his wife, *Appellants*, vs. GUS J. DEKLE, *Appellee*.

145 So. 198.

Division B.

Opinion filed January 2, 1933.

518

*Arthur L. Auvil,* for Appellants;

*Mack H. Padgett* and *J. L. Blackwell,* for Appellee.

PER CURIAM.—This appeal was taken from a final decree rendered by the Circuit Court of Suwannee County, setting aside as fraudulent, a conveyance of certain property made by the appellant, James Weathersbee, to his wife, Nellie Weathersbee. This suit to set aside the conveyance complained of, was in an effort to enforce the liability of Weathersbee that was recently sustained by this Court in the case of Weathersbee v. Dekle, 102 Fla. 1057, 136 Sou. Rep. 708.

In Cowdery v. Herring, decided at this term, 106 Fla. 567, 143 Sou. Rep. 433, we held that a defrauded creditor may levy on and sell under execution property which has already been fraudulently conveyed, or (2) may bring a suit in equity to remove an alleged fraudulent conveyance as an obstruction to the full enforcement of his judgment lien, or (3) that he may bring a creditor's bill to reach conveyances which ought to be adjudged fraudulent as to his judgment. The present suit was properly maintainable under the second rule above stated, and the Chancellor below committed no error in entertaining it on that basis.

It is well settled in this State that a voluntary conveyance by one who is indebted is presumptively fraudulent, when attacked by a judgment creditor upon a debt existing at the time the alleged fraudulent conveyance was executed, and in such cases it is not necessary for the complainant to show that his debtor was actually insolvent at the time he executed the voluntary conveyances transferring an asset, which would otherwise be directly subject to the lien of the judgment rendered on the then existing debt. Ostend Realty Co. v. Biscayne Realty &

Ins. Co. 99 Fla. 1221, 128 Sou. Rep. 643; Folsom v. Farmer's Bank, 102 Fla. 899, 136 Sou. Rep. 524.

The decisive consideration arising in the disposition of the present controversy, is whether or not in this case the appellee, Dekle, is to be deemed a "creditor" within the meaning of our statute denouncing fraudulent conveyances (Section 5771 C. G. L., 3864 R. G. S.) in view of the nature of the claim asserted in the suit out of which arose the money decree sought to be collected.

As will be observed by a reference to the reported decision in Weathersbee v. Dekle, *supra*, the bill of complaint filed by Dekle against Weathersbee, set up for adjudication an accounting claim for money, based upon an alleged trust relationship between Weathersbee and Dekle. In that case complainant Dekle was held entitled to an accounting from Weathersbee for moneys claimed to have been paid over by Dekle, to accomplish the purposes of the relationship of trust between the parties.

The record in this case, shows that the accounting bill was filed March 25, 1930. The alleged fraudulent conveyance attacked in this suit, appears to have been executed October 4, 1929. This was before the former suit was brought, and was likewise before any final decree was rendered in it. The final decree, when rendered on August 18, 1930, amounted to a money judgment in the sum of $4109.56 against Weathersbee, to collect which execution was issued, but returned "nulla bona." Thereupon this suit was filed to set aside the alleged fraudulent conveyance of October 4, 1929.

A "creditor," within the meaning and intent of the statute against fraudulent conveyances (Section 5771 C. G. L., *supra*), and one also as to whom a fraudulent conveyance from husband and wife is expressly declared to be void by Section 5670 C. G. L., 3797 R. G. S., when made

to avoid the payment of "any legal debt or claim," is not necessarily one who has a demand for money which is due, or running to maturity, or who has an existing cause of action. Whoever has a legal claim or demand of a contractual nature in existence at time when an alleged fraudulent conveyance is made, is a "creditor" within the meaning of the statute against fraudulent conveyances. 12 R. C. L. 492. The holder of a contingent claim is as fully protected by the statute as one that is absolute, and in cases of contingent liability, the liability whenever happening relates back to the date when it was originally incurred. Lyon v. Bolling, 9 Ala. 463, 44 Am. Dec. 444; Cook v. Johnson, 12 N. J. Eq. 51, 72 Am. Dec. 381; Sallaske v. Fletcher, 73 Wash. 593, 132 Pac. 648, Ann. Cas. 1914D 760, 47 L. R. A. (N. S.) 320; Carr v. Davis, 64 W. Va. 522, 63 S. E. 326, 16 Ann. Cas. 1031 20 L. R. A. (N. S.) 58; Ames v. Dorroh, 76 Miss. 187, 23 Sou. Rep. 768, 71 A. S. R. 522. See also Note in 52 Am. Dec. 117

A *voluntary* conveyance by one who is indebted being presumptively fraudulent, when attacked by a judgment creditor upon a debt existing at the time of its execution, it is not necessary for the judgment creditor to show that the debtor was actually insolvent at the time he executed the conveyance. The conveyance attacked, however, must be shown to be voluntary before the presumption of fraud attaches to it under the foregoing rule. But a conveyance of lands by a husband to his wife which purports to be made for a nominal consideration, is regarded as purely voluntary, and is therefore presumptively void as against existing creditors of the landowner. McKeown v. Allen, 37 Fla. 490, 20 Sou. Rep. 556. The burden of proving *bona fides* in such cases is consequently on the wife. Southern Lumber & Supply Co. v. Verdier, 51 Fla. 570, 40 Sou. Rep. 676. As to whom a deed that is not *voluntary*, when shown by the wife to be based upon a

real and substantial consideration, will be upheld, even as against creditors on a debt existing at the time of the transfer. Pettit v. Coachman, 51 Fla. 521, 41 Sou. Rep. 401.

Where the conveyance from husband to wife is voluntary, it matters not whether the intention of the parties was to hinder and delay creditors. When such hindrance and delay is the result of a voluntary conveyance between husband and wife, the real motive of the parties is immaterial. Brown v. Allen, *supra;* Gainer v. Russ, 20 Fla. 157; Gibson v. Love, 4 Fla. 217. But see Russ v. Blackshear, 88 Fla. 573, 102 Sou. Rep. 749, as to the effect of the presumption of fraud which attaches.

The deed to the lands attacked in this case was shown to be upon a recited consideration of ''$10.00 and other valuable considerations to them (the grantors who were husband and wife) in hand paid, by the said party of the second part (the wife alone), receipt whereof is hereby acknowledged,'' etc. No evidence being offered by the deed itself, the Court was warranted in adjudging such a deed *voluntary,* and in imputing to the parties who made it, an intent to defraud existing creditors of the owner, James Weathersbee, among whom was shown to be the complainant below, Gus J. Dekle.* No evidence in the record brought here on appeal undertakes to refute the presumption of fraud attaching to the *voluntary* conveyance shown to have been made at a time when Dekle was to be regarded as a ''creditor'' of the grantor,

---

*In this connection it will be observed that the deed was between husband and wife as grantors to the wife alone as grantee. The consideration of $10.00 and other valuable considerations was from the grantee (the wife) to herself (grantor) and her husband. What the ''valuable'' consideration was is not stated in the deed nor mentioned in the testimony. The deed itself therefore was some evidence of its voluntary nature, and since there was no testimony whatever to rebut the inference which the Chancellor drew from the nature of the deed, the finding that the deed was a voluntary one is supported by substantial evidence appearing in the deed itself.

Weathersbee, with respect to the claim on which Dekle
later obtained his money decree. Therefore the Court
did not err in entering a final decree in Dekle's favor,
setting such land conveyance aside.

However, there is nothing in the record in the form of
evidence of voluntariness to support the decree setting
aside Weathersbee's assignment of the ten shares of bank
stock to his wife in January, 1929.  The bill alleges that
such transfer of stock was without monetary or other
valuable consideration, or in other words, that it was a
purely voluntary transfer of the stock.  The answer puts
in issue such allegation of the bill.  We have no evidence
in the record, such as a recital in the instrument of trans-
fer (as in the case of the deed to the land), or other-
wise, to show that there was no consideration whatso-
ever for the transfer of the bank stock as alleged but de-
nied.  The burden was on complainant who attacked this
transfer as *voluntary* to show that it was in fact vol-
untary, when that allegation was denied by the answer.
No discovery or other means of proving this fact was
resorted to by complainant, so the Court cannot presume
that the transfer of the bank stock was voluntary and
then further presume that it was fraudulent because it
was voluntary.

The Court, in a case like this, can presume that a *vol-
untary* conveyance is fraudulent.  But the Court cannot
presume, in the absence of admissions or proof, that a
conveyance from a solvent husband to his wife is *vol-
untary*, when that fact is specifically put in issue by the
bill, and is denied by the answer of both husband and
wife, and no evidence of the voluntary nature of the
transfer is made to appear from the instrument of trans-
fer or otherwise.

Only in cases where a conveyance is made by an *in-
solvent* husband to his wife, is the wife required to

affirmatively disprove the *voluntary* nature of the conveyance to her by proving that she gave a valuable and adequate consideration from her own estate. Claflin v. Ambrose, 37 Fla. 78, 19 Sou. Rep. 628. Here the husband was not insolvent, nor shown to be in failing circumstances, when the attacked conveyance was made. Suit on it had not even been instituted at that time, although the debt itself was in existence in contemplation of law, though not reduced to judgment.

We therefore hold that where a husband not shown to be insolvent or in failing circumstances at the time, transfers to his wife without any recital of consideration, personal property, such as bank stock, the *voluntary* nature of the transfer cannot be presumed against the parties to such transfer when specifically denied by them in a suit brought to set aside the transfer as a fraudulent assignment, although its fraudulent effect can, when the *voluntary* nature of the transfer has been once established by admission or proof, be so presumed from the fact that the transfer has been first shown to have been voluntarily made, at a time when the debt sought to be enforced was in legal existence.

But as has been pointed out, the rule is different, even when an alleged actual purchase is made by a wife from her husband and the purchased property is transferred while he is insolvent, or in failing circumstances. In cases of insolvency, the fraudulent presumption follows the showing of insolvency, rather than the showing of voluntariness in the transfer. In fact, in cases of *insolvency*, the fraudulent presumption attaches to all transfers between husband and wife, to such an extent that the wife is required to overcome a presumption of fact, that the consideration given was not paid out of her own estate, and this by clear, affirmative proof. Southern Lumber & Supply Co. v. Verdier, *supra*.

The decree appealed from should be affirmed as to the land and reversed as to the bank stock, the costs of the appeal to be taxed in equal proportions against appellants and appellees. The cause should be remanded for the entry of an appropriate decree not inconsistent with this opinion.

Affirmed in part and reversed in part, and remanded for appropriate decree.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND BROWN, J., concur in the opinion and judgment.

ELLIS, J., absent on account of sickness.