**In re HARRY KAISER ASSOCIATES, INC., Debtor.**

**Irving E. GENNET, Plaintiff,**

**v.**

**Steve SILVER, Nan Silver and Big Green Frog Enterprises, Inc., Defendants.**

**Bankruptcy No. 81–00646–BKC–TCB.**
**Adv. No. 81–0367–BKC–TCB–A.**

United States Bankruptcy Court,
S. D. Florida.

Sept. 11, 1981.

Irving Gennet, Boca Raton, Fla., Trustee.

Robert C. Furr, Boca Raton, Fla., for plaintiff.

Norman Kapner, West Palm Beach, Fla., for defendants.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee seeks under 11 U.S.C. § 544(b) to set aside transfers made on two occasions, January 18, 1980 and March 13, 1980, and to recover the transferred property. (C.P. No. 1). He also asks the same relief under § 548(a)(2)(A) with respect to a car transferred on July 1, 1980. (C.P. No. 16). The defendant transferees have answered. (C.P. No. 12). The matter was tried on September 1.

The debtor corporation is owned and controlled by the defendant husband and wife. For some years it was successfully engaged in building and installing cold storage facilities as a distributor for Bally Case and Cooler, a major supplier of such equipment. In May, 1979, Bally terminated the distributorship. The debtor's attempt to continue with another company's product was unsuccessful. In February, 1980, the defendant husband's leg was badly crushed in an accident and he was out of action for six months. The business was closed shortly thereafter.

On January 18, 1980, the debtor transferred without consideration to the defendant husband a five year old, twin engined executive airplane. On the same day, the debtor cancelled a credit owed by the defendant husband and wife. A part of this credit was cancelled in payment of a bonus. The husband received and reported the bonus as taxable income. The balance, $8,000 was a transfer to him without consideration.

On March 13, 1980, the debtor transferred all of its office furnishings and equipment to the defendant, Big Green Frog Enterprises, Inc., a corporation recently formed by the defendant husband and wife. Virtually all the stock of Big Green Frog Enterprises, Inc., is owned by the wife. The new corporation provided storage space and office facilities for corporate records necessary to maintain the debtor's pending antitrust action against Bally. I find that the property transferred was of nominal value and that the debtor received fair consideration for this transfer.

On June 1, the plane was also transferred to Big Green Frog without consideration. The new corporation is in the charter plane

business using the plane at the debtor's former address. The husband is its pilot.

On July 1, 1980, the debtor transferred a 1974 BMW car to the defendant wife. I do not believe her testimony that a check for $200 delivered two months later was consideration for this transfer. I accept instead the corporate record and the husband's first version under oath that there was no consideration for this transfer.

The debtor's title to these assets is undisputed and none were subject to any liens.

■ The last transfer, the BMW, occurred within a year before bankruptcy was filed, April 24, 1981. Section 548(a)(2)(A) voids such a transfer if it was made for "less than a reasonably equivalent value". I find that the car had substantial value and that the trustee is entitled to the relief he seeks with respect to this transfer.

The earlier transfers, the plane and the $8,000 cancelled credit, are governed by § 544(b):

"The trustee may avoid any transfer of an interest of the debtor in property... that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title...".

■ This subsection gives the trustee the right to challenge on behalf of the estate any transfer voidable under state law if there is at least one creditor of the estate who had standing under state law to challenge the transfer. 4 *Collier on Bankruptcy* (15th ed.) ¶ 544.03[1]. There are seven such creditors with claims totalling more than $72,000. The amount of these claims does not limit the trustee's cause of action. Ibid. n. 22a.

The applicable state law is § 726.01, Florida Statutes. Florida has not adopted the Uniform Fraudulent Conveyance Act, but this section makes voidable any transfer made with the "intent to delay, hinder or defraud creditors" unless made to a bona fide purchaser for good consideration and without notice of the fraud.

The requisite intent may be inferred and will be presumed if the transaction is mark-

ed by several "badges" of fraud. *United States v. Ressler*, D.C.Fla.1977, 433 F.Supp. 459; 13 Fla.Jur.2d, Creditors' Rights, § 220. Several of the badges are present here: (a) all of the debtor's assets except its accounts receivable were transferred; (b) except as to the office equipment, there was no consideration, and (c) the transfers were from a corporation to the stockholders who controlled the corporation and to another corporation owned and controlled by the same individuals, a husband and wife.

■ The debtor was marginally solvent in January, 1980, when these two transfers were made, but the debtor had lost its sole distributorship eight months earlier and I believe the husband and wife then knew this would put them out of business and that they would face heavy claims. Bally later sued and got a judgment in early 1981 for $59,000. The trustee is not obliged to prove insolvency at the time of the transfers. *Weathersbee v. Dekle*, 1933, 107 Fla. 517, 145 So. 198.

The presumption raised by the badges is rebuttable. However, the justification given by the transferees and their accountant is not persuasive. Of course, the plane was a constant expense and was not deductible, since the debtor is a subchapter S corporation, but these circumstances had existed for five previous years while the corporation bought and maintained the plane. Of course, also, the market for such aircraft today is soft, but the plane is in use and has substantial value. I do not believe the husband made a sincere effort to find a buyer. Similarly, there is no acceptable explanation for the cancellation of the $8,000 credit.

■ I find, therefore, that the debtor transferred both the plane and $8,000 to the defendant Steve Silver without consideration and with intent to delay, hinder or defraud creditors represented by the trustee. These transfers are voidable under § 544(b) and § 762.01, Florida Statutes. The subsequent transfer of the plane to Big Green Frog was without consideration and with notice of the fraud.

As is required by B.R. 921(a), a separate judgment will be entered in accordance with this opinion. Costs will be taxed on motion.