In re A.M. OPERATING CORPORA-
TION, Debtor.

A.M. OPERATING CORPORATION,
Plaintiff,

v.

NORTHFIELD INDUSTRIES, INC., and
Gertrude R. Huber, Defendants.

Bankruptcy No. 83–00581–BKC–SMW.
Adv. No. 83–405–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

July 26, 1983.

Paul G. Hyman, Jr., Miami, Fla., for plaintiff.

William Benson, Fort Lauderdale, Fla., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court upon an Adversary Complaint to Avoid Transfer of Real Property as Fraudulent Conveyance Pursuant to 11 U.S.C. § 548 and F.S. § 726.01; as Avoidable Preference Pursuant to 11 U.S.C. § 547; and as an Unlawful Dividend filed herein and the Court, having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

On December 12, 1977, Commercial Trans Corp. transferred a piece of real property known as the Dube Farm to A.M. Management Corporation. Commercial Trans Corp. was owned by the son of the Defendant, Gertrude R. Huber. On November 16, 1979, A.M. Management Corporation changed its name to A.M. Operating Corporation. On April 29, 1982, Gertrude R. Huber, vice-president and shareholder of A.M. Operating Corporation, executed a Quit Claim Deed transferring the Dube Farm to Northfield Industries, Inc., with said Quit Claim Deed not having been recorded until November 29, 1982 which is the effective date of the transfer pursuant to 11 U.S.C. § 548(d)(1). Gertrude R. Huber is also a shareholder of Northfield Industries, Inc. A.M. Operating Corporation filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on April 4, 1983.

At the time of the transfer of the Dube Farm to Northfield Industries, Inc., A.M. Operating Corporation did not owe Northfield Industries, Inc. any monies. Furthermore, Northfield Industries, Inc. did not pay A.M. Operating Corporation any money or transfer any property in return for or in consideration of the transfer of the Dube Farm.

Pursuant to 11 U.S.C. § 544(b) and 11 U.S.C. § 1107 of the United States Bankruptcy Code, a Debtor-in-Possession may assert any applicable state law to avoid fraudulent transfers. Under Florida law, pursuant to Fla.Stat. § 726.01, every conveyance of land by writing made or executed to the end, purpose or intent to delay, hinder or defraud creditors is utterly void, frustrate and of none effect. Under Fla. Stat. § 726.01, the Debtor-in-Possession is not obliged to prove insolvency at the time of the transfer. *In re Harry Kaiser Associates, Inc.,* 14 B.R. 107 (Bkrtcy.S.D.Fla.1981), *Weathersbee v. Dekle,* 107 Fla. 517, 145 So. 198 (1933). "While a deed furnished on nominal consideration is not absolutely fraud per se it does afford prima facie evidence of fraud." *Gyorok v. Davis,* 183 So.2d 701, 703 (3rd Dist., Fla.1966).

In the case at bar, Northfield Industries, Inc. was the recipient of a transfer of the Dube Farm without any consideration. The lack of said consideration is prima facie evidence of a fraudulent conveyance pursuant to Fla.Stat. § 726.01. Northfield Industries, Inc. and Gertrude R. Huber have not presented any testimony to rebut or dispute this prima facie evidence. In *In re Flanzbaum,* 10 B.R. 420 (Bkrtcy.S.D.Fla. 1981), this Court was confronted with a transfer of real property under circumstances similar to the one at bar. The Court in holding that a transfer of real property without consideration was a fraudulent conveyance, stated at page 423:

It has long been the law of the State of Florida that when the legal effect of a conveyance is to delay, hinder or defraud creditors, no matter what the actual intention may have been, it is fraud in law and the Courts are bound to so declare. *Gibson v. Love,* 4 Fla. 217 (1851). *Stelle & Bie Construction Co. v. Dennis,* 104 Fla. 384, 140 So. 194 (1933). Thus, where the result is to hinder, delay or defraud creditors, the real motive of the parties is inmaterial.

A.M. Operating Corporation has adequately established it had numerous creditors on the date of the transfer. The result of the transfer was to hinder, delay and defraud the creditors of A.M. Operating Corporation. Furthermore, the motive of the transfer to Northfield Industries, Inc. was to avoid possible lawsuits.

■ A sufficient number of the recognized badges of fraud are present in the transfer of the Dube Farm to Northfield Industries, Inc. The transfer of the Dube Farm was by virtue of a Quit Claim Deed executed by Gertrude R. Huber, shareholder and officer of A.M. Operating Corporation. Gertrude R. Huber was also a shareholder of Northfield Industries, Inc. Gertrude R. Huber's son was the shareholder of Commercial Trans Corp., the previous owner of the Dube Farm and possesses an unofficial interest in Northfield Industries, Inc. The financial condition of A.M. Operating Corporation was seriously deteriorated by virtue of the transfer of the Dube Farm to Northfield Industries, Inc. Based upon the aforesaid facts and principles, it is clear that the transfer of the Dube Farm to Northfield Industries, Inc. is a violation of Fla.Stat. § 726.01 for which the Debtor-in-Possession is entitled to recover pursuant to 11 U.S.C. § 544(b).

Since the transfer was a violation of Fla. Stat. § 726.01, it is not necessary for this Court to consider the additional issues presented by the remaining Counts of the instant adversary proceeding.

Pursuant to Bankruptcy Rule 921(a), a Final Judgment incorporating these Findings of Fact and Conclusions of Law will be entered this date.