JACOB KAHN ET AL., APPELLANTS, VS. M. WEINLANDER, ET AL., APPELLEES.

JACOB KAHN ET AL., APPELLANTS, VS. JOSEPH WILKINS, APPELLEE.

1. In a contest between creditors of an insolvent debtor and the latter's wife over real estate purchased in her name during the husband's indebtedness, there must be clear proof that the purchase was made with the wife's separate funds, otherwise the presumption is that it was through means furnished by her husband.

2. The purpose of the act of 1828, providing that in the absence of provision therein the rules of practice in the courts of equity of the United States, as prescribed by the Supreme Court thereof, under the act of Congress of May 8, 1792, should be the rules of practice of the courts of the Territory of Florida when exercising equity jurisdiction, and when the rules of practice adopted by said court and the provisions of the act do not apply, the practice of the courts should be regulated by the practice of the High Court of Chancery in England, was to make the rules of practice adopted by the Supreme Court of the United States in the equity courts of the United States applicable in chancery causes in the courts of the Territory where provision was not made on the subject in said act, whether the rules provided for were adopted before or after the passage thereof.

3. Subsequent to the act of 1828, referred to in preceding head-note, power was conferred upon the Supreme Court of this State to make rules of practice, pleadings and proceedings for the several courts of the State, and under the act of 1873, chapter 1938, rules of practice, pleadings and proceedings were adopted by the Supreme Court, most of which were in force when the present case was tried; prior to the adoption of said rules the Supreme Court of the United States, in 1871, made an amendment to rule 41, adopted by that court for the equity courts of the United States to the effect that if the complainant in his bill, shall waive an answer under oath, or shall only require an answer under oath with regard to certain specified interrogatories, the answer of the defendant, though under oath, ex-

cept such part thereof as shall be directly responsive to such interrogatories, shall not be evidence in his favor, unless the cause be set down for hearing on bill and answer only; but may, nevertheless, be used as an affidavit, with the same effect as heretofore, on a motion to grant or dissolve an injunction, or in any other incidental motion in the cause. This amendment, not being in conflict with any statutory provision of this State, or rule of this court, is applicable to the practice in our courts of chancery.

4. If a complainant in equity desires to avoid the effect of a responsive answer as evidence against him he can, under the amendment of rule 41 adopted by the Supreme Court of the United States for the equity courts thereof, waive in his bill the oath of the defendant to his answer, otherwise the answer given under oath and responsive to the allegations of the bill will be evidence and must be overcome by two witnesses, or one witness and corroborating circumstances.

Appeal from the Circuit Court for Escambia county.

The facts in the case are stated in the opinion of the court.

*John C. Avery*, for Appellants.

*Blount & Blount*, for Appellees.

MABRY, J.:

In the first of the above styled cases M. Weinlander and others, appellees, alleged in a bill against Jacob Kahn and Carolina, his wife, appellants, that appellees had obtained judgments, some in 1886 and some in 1888 and 1889, against Jacob Kahn, and that *nulla bona* returns on executions issued thereon had been made by the sheriff. That Jacob Kahn purchased in January, 1887, arpent lots 32 and 33, in the old city of Pensacola, for the sum of $4,000, but being at the time insolvent, and desirous of defrauding his cred-

itors, caused the deed for said lots to be made to one James Wilkins, and subsequently procured Wilkins to convey the lots to Carolina Kahn, wife of Jacob Kahn, and the title was then in her. That Carolina Kahn did not buy said property with her own money, or at all, but it was bought by Jacob Kahn with his own money, and that the title to the property was put in the name of the wife for the purpose of defrauding the husband's creditors, and in pursuance of a scheme to put his property beyond the reach of his creditors. The special prayer is that the said lots be decreed to belong to Jacob Kahn, and that they be sold to satisfy the said judgments.

The answer of Jacob and Carolina Kahn admits the rendition of the judgments against Jacob and the return of *nulla bona* on executions issued thereon, as alleged in the bill. It is further admitted that Jacob Kahn was insolvent when the arpent lots were purchased, but it is denied that he purchased said lots, and the averment is made that the wife, Carolina Kahn, purchased them with money belonging to her, and in which her said husband had no interest. It is denied that the purchase of the lots was made by either of said defendants for the purpose of defrauding the creditors of Jacob Kahn. The conveyance of the lots to James Wilkins is admitted, and it is alleged that it was with the distinct understanding that he should thereafter cónvey the same to Carolina Kahn, who had been máde a free dealer under the laws of this State; that the lots were purchased and a conveyance procured to be made to Wilkins simply because Jacob Kahn was insolvent, and that had the property been purchased in the name of his wife she anticipated the creditors of her husband might assert,.

as they have asserted in this suit, that the property was bought with his money, and not hers. That notwithstanding the lots were purchased and conveyed to Wilkins as aforesaid, with full knowledge on his part that they belonged to Carolina Kahn, yet he set up a claim to the property and denied Carolina's right thereto, and it was only at the end of a protracted law suit that she succeeded in obtaining from him a conveyance as she was entitled to by virtue of the said agreement.

In the second styled case the appellee, Joseph Wilkins, filed a bill against James Wilkins and the Kahns, husband and wife, to foreclose a mortgage executed by James Wilkins on the two arpent lots 32 and 33, while the title thereto was in him. A further statement of the pleadings in this case is not necessary.

After issue joined in both cases, testimony was taken in each, and upon final hearing on the same day the court decreed a foreclosure of the mortgage in favor of Joseph Wilkins, appellee in the second stated case, and directed the arpent lots 32 and 33, except the north ten feet of lot 33, to be sold to pay an amount ascertained to be due, to secure which the mortgage was executed, together with costs and expenses of suit, and out of the surplus, if any, after paying said amounts, to satisfy the decree that day rendered in the first named suit in favor of M. Wienlander and others. In the Weinlander case, the one first above stated, the decree was that the judgments in favor of complainants therein were liens on the said arpent lots 32 and 33, except the north ten feet of lot 33, said liens being subsequent to the mortgage lien upon which a decree had that day been rendered in favor of

Joseph Wilkins against James Wilkins, Jacob and Carolina Kahn. The Kahns appealed from both decrees.

Counsel have filed a stipulation here that if this court shall not find any reversible error in the decree rendered in the Circuit Court, except so much thereof as is in favor of Joseph Wilkins, the decree shall be affirmed; but if other error sufficient to cause a reversal is found, the court is requested to rule upon so much of the decree as is in favor of Joseph Wilkins.

We are of the opinion that there is no reversible error in the decree rendered in the first styled suit in favor of M. Weinlander and others against Jacob and Carolina Kahn, and that it must be affirmed on the evidence in the record. Under the pleadings the question is one of fact whether the money paid for the arpent lots conveyed to James Wilkins was the separate property of Mrs. Carolina Kahn, or the money of her husband. Though Mrs. Kahn procured by legal proceeding the conveyance of the lots to her by James Wilkins, and while, as between them, the question is *res judicata*, the creditors of Jacob Kahn, not made parties to such proceeding, have a right to come into court and show that the property was bought with his money; and if this is shown, a bill in equity is the proper remedy to reach the property. Robinson vs. Springfield Company, 21 Fla. 203. This is not questioned by counsel, but the contention is that the testimony does not sustain the conclusion that the purchase of the lots in question was with the money of the judgment debtor, Jacob Kahn. In considering the weight of the evidence, counsel for appellants insists that the responsive answer to the bill is evidence, and must be overcome by the testimony of two

witnesses, or one witness and corroborating facts under the general rule on the subject. In the bill complainants expressly waived the oaths of respondents to their answer, but they answered under oath, and now claim the benefit of their answer as evidence under the rule. If we were to concede that the answer should have the effect claimed for it by counsel for appellants, we still would not be authorized to reverse the decree of the chancellor on the facts disclosed by the record, but as the point presented is one of importance in chancery practice, we will decide it. A statute was passed in November, 1828, providing "that the rules of practice in the courts of equity of the United States, as prescribed by the Supreme Court thereof under the act of Congress of the eighth day of May, one thousand seven hundred and ninety-two, where provision is not made by this act, shall be rules for the practice of the courts of this Territory when exercising equity jurisdiction, and when the rules of practice so directed by the Supreme Court, and the provisions of this act, do not apply, the practice of the courts shall be regulated by the practice of the High Court of Chancery in England." This statutory provision continued as law in this State down to the adoption of the Revised Statutes, and was in force when the pleadings in this case were made up and testimony submitted. The purpose of the act referred to was to make the rules of practice adopted by the Supreme Court of the United States in the equity courts of the United States applicable in chancery causes in the courts of this State, where provision was not made on the subject by the act, and it makes no difference whether the rules provided for were adopted before or after the passage of the act, provided there

is no statutory provision covering the subject. We are of the opinion that such was the purpose of the act, and it should be so construed. By the twelfth section of the act of 1873 (chapter 1938) full power was conferred upon the Supreme Court of this State to make any and all rules of practice, pleadings and proceedings to carry out the provisions of the act, and to prescribe, regulate and control the practice, pleadings and proceedings in the several courts of this State. Subsequently, in the year 1873, the Supreme Court of this State adopted rules governing the practice and proceedings in the courts of this State, but prior to that time, in 1871, the Supreme Court of the United States made an amendment to rule 41 adopted by that court, as follows: "If the complainant, in his bill, shall waive an answer under oath, or shall only require an answer under oath with regard to certain specified interrogatories, the answer of the defendant, though under oath, except such part thereof as shall be directly responsive to such interrogatories, shall not be evidence in his favor, unless the cause be set down for hearing on bill and answer only; but may, nevertheless, be used as an affidavit, with the same effect as heretofore, on a motion to grant or dissolve an injunction, or in any other incidental motion in the cause." Conceding, of course, that any rule adopted by this court in pursuance of the act of 1873, *supra*, in irreconcilable conflict with the one adopted by the Supreme Court of the United States would prevent the operation of the latter in the courts of this State, we find no such conflict between the rules adopted by this court, and the amendment to rule 41 mentioned, as to suspend the operation of the latter in the chancery courts of this State. Rule 22, of the rules of Circuit

Courts in suits in equity, on the subject of interrogatories in bills, comes nearest to a conflict, but we are of the opinion that there is no real conflict, and both can consistently be construed together. The result is, that the amendment to rule 41 is in force in the courts of chancery of this State, and there can be no doubt as to the meaning of the rule. If a complainant in equity desires to avoid the effect of a responsive answer as evidence against him, he must expressly waive in the bill the oath of the defendant to the answer. If he fail to do this, the answer must be given under oath, and is evidence under the general rule on the subject. Kellogg vs. Singer Manufacturing Co., 35 Fla. 99, 17 South. Rep. 68; Clements vs. Moore, 6 Wall. 299; Conley vs. Nailor, 118 U. S. 127, 6 Sup. Ct. Rep. 1001; Armstrong vs. Scott, 3 Greene (Iowa), 433.

In a contest between creditors of a debtor and his wife over property purchased in her name there must be clear proof that the purchase was made with her separate funds; otherwise the presumption is that it was through means furnished by her husband. Storrs vs. Storrs. 23 Fla. 274, 2 South. Rep. 368; Price vs. Sanchez, 8 Fla. 136; Fairchild vs. Knight, 18 Fla. 770. In Seitz vs. Mitchell, 94 U. S. 580, it was held that purchases of real or personal property, made during coverture, by the wife of an insolvent debtor, are justly regarded with suspicion. She can not prevail in contests between his creditors and her, involving their right to subject property so acquired to the payment of his debts, unless the presumption that it was not paid for out of her separate estate be overcome by affirmative proof, and according to the rule announced in this court she must be held to full, clear and strict proof. The rule announced in Burt vs. Timmons, 29

W. Va. 441, 2 S. E. Rep. 780, is that when a wife purchases land or other property the burden is upon her to prove distinctly that she paid for the land or other property with funds not furnished by her husband. Evidence that she purchased amounts to nothing, unless it is accompanied with clear and full proof that she paid for it with funds furnished by some one other than her husband. In the absence of such proof the presumption is that her husband furnished her with the means of payment.

After a careful examination of the evidence before us we can not say that the chancellor erred in his conclusion thereon. Under the stipulation filed both decrees appealed from will be affirmed, and it is so ordered.