CARL S. RUSS, AS SHERIFF OF BAY·COUNTY, FLORIDA, AND H. G. BELL, ADMINISTRATOR OF THE ESTATE OF J. .A. B. SIKES, DECEASED, *Appellants,* v. ANNA C. BLACKSHEAR, GUSSIE BLACKSHEAR, R. D. BLACKSHEAR AND W. J. BLACKSHEAR, *Appellees.*

Division B.

Opinion Filed January 10, 1925.

1. When a wife permits her husband to hold the record title to her realty, or permits him to use her money as his own to invest it in his own name and thereby obtain credit on the faith of his being the owner of the same, she is estopped in equity to assert her title thereto as against one extending credit to the husband in reliance on such ownership.

2. The general rule is that a voluntary deed as against attacking creditors is one with a merely nominal consideration and as to whether such deeds are fraudulent, the great weight of authority appears to be to the effect that such deeds or conveyances are not absolutely fraudulent *per se,* but that they only afford a *prima facie* or presumptive evidence of fraud which may be rebutted or explained.

An Appeal from the Circuit Court for Bay County; D. J. Jones, Judge.

Decree affirmed.

*J. M. Calhoun,* for Appellants;

*J. M. Sapp,* ·for Appellees.

TERRELL, J.—In March, 1919, H. G. Bell as Administrator of the estate of J. A. B. Sikes, secured a judgment against R. D. and W. J. Blackshear for $3,279.20, and against R. D. and G. H. Bleackshear for $1,950.85, in Bay County, Florida. Execution was issued to enforce against each judgment and placed in the hands of the sheriff, Carl S. Russ, who immediately levied upon and advertised for sale certain lands in said County of Bay, claimed by Anna C. and Gussie Blackshear and G. H. Cooper in parcenary, and by Anna C. Blackshear in her own right.

Anna C. and Gussie were the wives of R. D. and W. J. Blackshear against whom judgments as above were secured and while the lands were being advertised for sale filed their bill against Carl S. Russ and H. G. Bell as administrator of the estate of J. A. B. Sikes to restrain such sale. A temporary restraining order was granted, which on final hearing was made permanent, and while there were other matters covered in the final decree, the main question for determination on this appeal is whether or not the lands claimed by Anna C. and Gussie Blackshear were subject to the judgments against R. D. and W. J. Blackshear.

It is first contended by appellants that title to the lands in question was held in the name of R. D. and W. J. Blackshear; that on the faith of such holding they were enabled to secure credit, and that by reason thereof Anna C. and Gussie Blackshear, the wives of R. D. and W. J. Blackshear are now estopped from claiming any interest therein as against judgment creditors or their representatives.

It is well settled that when a wife permits her husband to hold the record title to her realty, or permits him to use her money as his own to invest it in his own name and

· thereby obtain credit on the faith of his being the owner of the same, she is estopped in equity to assert her title thereto as against one extending credit to the husband in reliance on such ownership. Warner v. Watson, 35 Fla. 402, 17 South. Rep. 654; 10 R. C. L. 743, and cases there cited.

The record shows that the judgment which is here sought to be satisfied was obtained in March, 1919; that as to a portion of the lands involved in this suit, one G. H. Cooper deeded a one-fourth interest therein to W. J. Blackshear in 1910, which said one-fourth interest was bought and paid for by Gussie Blackshear, his wife, with her own money, for a consideration of $2,000.00, and that in February, 1918, more than a year prior to the judgment W. J. Blackshear executed and delivered to his said wife, Gussie Blackshear, a deed to the said undivided one-fourth interest in said lands. As to the remaining lands involved in this suit the record shows that Anna C. Blackshear owned property in Dothan, Alabama, given her by her father; that her husband, R. D. Blackshear, desirous of making some investments, borrowed money in Dothan, and Anna C. Blackshear executed a mortgage on her lands there to secure such loan; that the said mortgage was subsequently foreclosed and the lands sold to satisfy said mortgage, and that in consideration of this loan and mortgage by his wife, R. D. Blackshear made her a deed to his interest in the remaining lands here involved. Said deed having been made in May, 1914, and recorded in August, 1915, long prior to the date of any of the notes on which the judgment herein was secured. The record also shows that all the lands were assessed to R. D. and W. J. Blackshear and taxes paid by them; but there is no showing that any of the loans on which the judgment

was secured were made on the faith of ownership of said lands in said R. D. and W. J. Blackshear.

In this state of the record we conclude that Anna C. and Gussie Blackshear were not estopped from interposing objections to the sale of the lands so advertised, and that both the temporary and permanent injunctions were properly granted. Hill v. Meinhard, 39 Fla. 111, 21 South. Rep. 805.

It is next contended by Appellants that the deeds from R. D. and W. J. Blackshear to Anna C. and Gussie Blackshear were voluntary for an alleged past inadequate consideration when the husbands were greatly indebted and are therefore *prima facie* void as to creditors of the husbands.

The general rule is that a voluntary deed as against attacking creditors is one with a merely nominal consideration and as to whether such deeds are fraudulent, the great weight of authority appears to be to the effect that such deeds or conveyances are not absolutely fraudulent *per se*, but that they only afford a *prima facie* or presumptive evidence of fraud which may be rebutted or explained. McKeown v. Allen, 37 Fla. 490, 20 South. Rep. 556; Jenkins v. Clement, 14 Am. Dec. 704, where cases supporting this and contrary view are collected.

As to the deed from W. J. Blackshear to his wife Gussie the evidence as above shows that it conveyed lands that were bought and paid for by her, and was executed more than a year before the judgment was secured. As to the deed from R. D. Blackshear to his wife Anna C. the same evidence shows that it was in consideration of the mortgage on her Dothan, Alabama, property, which was at the time of approximately the same value as the lands described in said deed. This deed was executed in 1914, long prior to the judgment.

Neither of these deeds could therefore be said to be voluntary, and the Chancellor held the evidence in sup-port of them ample to rebut or explain any charge as to execution for fraudulent purposes.

Finding no error in such holding, other assignments become immaterial, so the final decree is affirmed.

WHITFIELD, P. J., AND WEST, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.