WEAVER-LOUGHRIDGE LUMBER COMPANY, a Corporation, *Appellant,* v. J. HAM KIRKLAND et ux., *Appellees.*

En Banc.

Opinion filed March 4, 1930.

*W. T. Hendry* and *H. D. Wentworth,* for Appellant;

*John S. Edwards,* for Appellee.

MATHEWS, Commissioner:

On May 22, 1922, appellant, complainant below, filed its bill in the Circuit Court of Polk County in chancery against appellees, alleging that for a long time prior to August 10, 1921, defendant J. Ham Kirkland was indebted to complainant in a large sum of money evidenced by

promissory note therefor; that on August 10, 1921, complainant filed suit at law against said J. Ham Kirkland to recover judgment upon said note; that J. Ham Kirkland was served with process and defaulted upon the rule day in October 1921, and thereupon on November 25, 1921, final judgment was entered against him for $1175.43, and costs.

The bill further alleges that at the time of the institution of the suit at law, defendant, J. Ham Kirkland was seized and possessed of certain described lands in Polk County, Florida, and continued to hold the legal title thereto until October 1, 1921, when he conveyed a part of said lands to his wife, the co-defendant herein and on October 3, 1921, when he conveyed the remainder of said lands to his wife. The bill alleges both deeds mentioned from defendant J. Ham Kirkland to Ione T. Kirkland, his wife, were fraudulent and void and without valuable consideration and made to hinder, delay and defraud the complainant. The bill prays that the deeds from J. Ham Kirkland to Ione T. Kirkland, his wife, be declared fradulent and void and that the lands therein described be decreed to be subject to the judgment obtained by complainant. The bill also prays for process and answer by defendants with oath to answer waived and for general relief.

The defendants by answer admitted defendant J. Ham Kirkland held title to the lands mentioned and that he conveyed same to the defendant wife at the times alleged in the bill. The answer denies that the deeds from J. Ham Kirkland to Ione T. Kirkland, his wife, were made to hinder, delay or defraud the complainant and avers that the said lands were originally purchased by the defendant, J. Ham Kirkland, with moneys of Ione T. Kirkland and which constituted a part of her separate estate.

At the hearing there was introduced in evidence a copy of the judgment against J. Ham Kirkland and the two

deeds described in the bill from J. Ham Kirkland to Ione T. Kirkland, his wife, the president and general manager of complainant corporation, testified to shipment of lumber to defendant, J. Ham Kirkland, with draft attached to bill of lading; that defendant, J. Ham Kirkland, failed to take up draft and offered to give note which was sued upon in the case at law, representing that he owned lands described in the deeds and other lands and that the note would be paid when due; after investigation and relying upon the fact of ownership of above lands by J. Ham Kirkland, he released the lumber to Kirkland; that he did not know Mrs. Kirkland had any interest in the land. Other testimony for complainant was that J. Ham Kirkland stated after judgment at law, that he did not intend to pay complainant a dollar; that he had deeded the lands to his wife and his home was exempt. Defendant, J. Ham Kirkland, testified that he sent Mr. Dickerson to Perry to buy a bill of lumber, and when the carload arrived he decided not to build and refused it. He denied that he pointed out or represented to the chief witness for complainant what he owned. He testified that every dollar in the lands was his wife's money and that he conveyed it to her to restore to her what was already hers; that the first tract was purchased while they were in South Carolina and was purchased absolutely with her money and that the money was borrowed in South Carolina on a mortgage; that their home is not involved in this at all. The defendant, Ione T. Kirkland, did not testify in the case.

In November, 1925, complainant asked leave to amend its bill so as to allege that the complainant extended the credit upon which the judgment was obtained upon faith of ownership of J. Ham Kirkland of the real estate in the bill described, and with the motion for amendment complainant filed affidavit of its attorney to the effect that delay in asking for amendment and proceeding with the

cause had been occasioned by reason of unanswered correspondence and efforts to bring about a settlement.

On July 21, 1926, the court below denied complainant leave to amend, and decreed that complainant did not extend credit to J. Ham Kirkland on strength of his ownership of the lands described in the bill; that the lands in question were purchased with money belonging to Ione T. Kirkland; that the equities were with the defendant and thereupon dismissed the bill.

From this decree complainant appeals.

The undisputed evidence shows that complainant extended the credit represented by its judgment to the husband after inquiring and ascertaining that title to the lands described in the bill stood in the name of the husband; also that the deeds from the husband to the wife were made while suit at law was pending against the husband for recovery of the judgment which forms the basis of this suit.

Where a wife permits her husband to hold the record title to her realty or permits him to use her money as his own to invest it in his own name and thereby obtain credit on the faith of his being the owner of property, she is estopped in equity to assert her title thereto as against one extending credit to the husband in reliance on such ownership. Russ v. Blackshear, 88 Fla. 573, 102 So. R. 749; Warner v. Watson, 35 Fla. 402; 17 So. R. 654.

In a suit to set aside a conveyance made by a husband to his wife as fraudulent, brought by a creditor whose claim existed and was being reduced to judgment at the date of such conveyance, the burden of proving that the consideration for the conveyance was *bona fide* and proportionate to the value of the land conveyed is upon the wife and clearer and fuller proof is required than if the transaction had been between strangers. Southern Lbr.

& Sup. Co. v. Verdier, 51 Fla. 570, 40 So. R. 676. Hummell v. Harrington, 92 Fla. 87, 109 So. R. 320.

The uncorroborated testimony of the husband that property, purchased in his name and conveyed by him to his wife, was purchased with his wife's money, is insufficient as against attacking judgment creditors to relieve such lands from the payment of judgments representing credit extended to the husband upon faith of his ownership of such lands. Kahn v. Weinlander, 39 Fla. 210, 22 So. R. 653.

The original judgment of this Court affirming the judgment of the court below is hereby vacated and the judgment of the court below is reversed and the cause remanded for further proceedings in conformity with this opinion.

PER CURIAM.—The record in this cause having been considered by the Court upon the rehearing granted, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the original judgment of this Court affirming the judgment of the court below be and the same is hereby vacated, and that the judgment of the court below be and the same is hereby reversed and the cause remanded for further appropriate proceedings.

TERRELL, C. J., AND WHITFIELD, ELLIS AND STRUM, J. J., concur.

BROWN AND BUFORD, J. J. dissent.