JOHN R. DAVIS and PAUL DAVIS, as Administrator of the Estate of W. W. Davis, deceased, *Appellants*, v. E. J. DE-VANE and BESSIE DEVANE, his wife, *Appellees*.

148 So. 587.
Division B.
Opinion filed May 6, 1933.

*Joseph E. Williams and Wilson & Boswell*, for Appellants;

*James A. Henderson* and *Don Register*, for Appellees.

BUFORD, J.—W. W. Davis procured a judgment against E. J. DeVane. Execution was issued and was returned by the sheriff *nulla bona*. Thereupon, Davis filed creditor's bill against E. J. DeVane and his wife Bessie S. DeVane to cancel certain conveyances of real estate made by De-Vane to his wife after the making of the obligation by De-Vane which was the basis of the judgment in favor of Davis against DeVane and while that was an existing debt though not due. The bill alleged in substance that the several conveyances which appeared of record from DeVane to his wife were made in fraud of creditors and for the purpose of delaying and hindering creditors in the collection of their claims against DeVane.

The defendants appeared and answered the bill, averring in effect that all the conveyances were made for good and

valuable consideration and for adequate consideration paid by Mrs. DeVane to her husband.

The record shows that both DeVane and his wife are old people; that they each have grown children by former marriages. Therefore, we are confronted in the beginning with the fact that a conveyance of property by DeVane to his wife precludes his children from the hope of participating in the value or ownership of that property at his death, if his wife should survive him.

The Master found in favor of the defendants. Exceptions were filed to the Master's report and overruled. The Circuit Judge found in favor of the defendants and dismissed the bill.

The only question presented to us is whether or not the evidence in this case was sufficient to meet the rule as enunciated by this Court in Claflin et al. v. Ambrose, 37 Fla. 78, 19 Sou. 628; Kahn et al. v. Weinlander, 39 Fla. 210, 22 Sou. 653; American Freehold Land & Mortgage Co. etc. v. Maxwell, 39 Fla. 489, 22 Sou. 751; and all down through the opinions of this Court to Weaver-Loughridge, Lbr. Co. v. Kirkland, et ux, 99 Fla. 427, 126 Sou. 773, to the effect that in a suit to set aside a conveyance made by a husband to his wife, as fraudulent, brought by his creditors, whose claims existed at the date of such conveyance, the burden of proving a consideration proportionate to the value of the land conveyed is upon the wife, and clearer and fuller proof is required than if the transaction had been between "strangers."

The Master was appointed to make return of his findings upon the facts and the law and the Chancellor to whom that report was submitted found that the evidence was sufficient to meet this rule. We are asked to reverse the Chancellor on the facts.

As was stated in Heinisch et ux. v. Mills, 100 Fla. 1600,

132 Sou. 109, the rule in such case is that we cannot reverse the chancellor on the facts alone, unless it has been made to appear that the findings of the chancellor are clearly wrong on the evidence, in cases where there is some evidence from which the chancellor could have found as he did. See also Washington Loan & Trust Co. v. Hutchinson, filed October 18, 1932, reported 144 Sou. 343.

Therefore, the decree must be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J. ,concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.