O. F. BENDER, *et ux.,* v. GEN. ELECTRIC SUPPLY CORP.

157 So. 573.

Opinion Filed November 15, 1934.

*Whitaker Brothers,* for Appellants;
*Barber & Williams,* for Appellee.

BUFORD, J.—Appellee filed suit in nature of creditor's bill. The bill contained all needful allegations to warrant recovery provided such allegations were proven. It showed the complainant was the creditor of the defendant, O. F. Bender; that it had procured a judgment against him; that it had had execution issued on the judgment; that at the time credit was extended the title to the real estate described as follows:

"One-half undivided interest in and to the East thirty (30) feet of lot One (1), of Block forty-six (46), according to the map of Ybor City, as recorded in plat book one (1) page eleven (11) of the Public Records of said Hillsborough County, Florida," appeared to be in fee simple vested in O. F. Bender.

The bill alleges that credit was extended upon the faith of O. F. Bender being the owner of that property. It alleged that during the existence of the indebtedness from Bender to the complainant that Bender made a pretended conveyance of the property to his wife, Margaret L. Bender, without consideration and that Margaret L. Bender held the property in trust for O. F. Bender and that such property was available for the satisfaction of complainant's execution.

The Benders answered in effect that O. F. Bender had never owned any beneficial interest in the property; that the property was purchased with money constituting the separate property of Margaret L. Bender and that the title was taken in the name of O. F. Bender as a matter of convenience between the parties to the purchase and sale and with the distinct understanding that as soon as the property was fully paid for that O. F. Bender should convey the same to his wife, Margaret L. Bender; that he at all times

held the property in trust for his wife, Margaret L. Bender, and that the conveyance to Margaret L. Bender by O. F. Bender was in conformity with the terms of the trust.

The evidence amply supports the allegations of the answer and, in fact, there is no evidence to the contrary.

The complainant failed to prove that credit was extended to O. F. Bender in reliance upon his being the owner of the property described. Therefore, the complainant did not meet the burden required of it under the law and rule as enunciated by this Court in Russ v. Blackshear, 88 Fla. 573, 102 Sou. 749, and in Weaver-Loughbridge Lbr. Co. v. Kirkland, 99 Fla. 427, 126 Sou. 773. In the latter case we said:

"Where a wife permits her husband to hold the record title to her realty or permits him to use her money as his own to invest it in his own name and thereby obtain credit on the faith of his being the owner of the property, she is estopped in equity to assert her title thereto as against one extending credit to the husband in reliance on such ownership. Russ v. Blackshear, 88 Fla. 573, 102 So. R. 749; Warner v. Watson, 35 Fla. 402, 17 So. Rep. 654.

"In a suit to set aside a conveyance made by a husband to his wife as fraudulent, brought by a creditor whose claim existed and was being reduced to judgment at the date of such conveyance, the burden of proving that the consideration for the conevyance was *bona fide* and proportionate to the value of the land conveyed is upon the wife and clearer and fuller proof is required than if the transaction had been between strangers. Southern Lbr. & Sup. Co. v. Verdier, 51 Fla. 570, 40 So. R. 676; Hummell v. Harrington, 92 Fla. 87, 109 So. R. 320.

"The uncorroborated testimony of the husband that property purchased in his name and conveyed by him to his wife was purchased with his wife's money, is insufficient as against attacking judgment creditor to relieve such lands

from the payment of judgments representing credit extended to the husband upon faith of his ownership of such lands. Kahn v. Weinlander, 39 Fla. 210, 22 So. R. 653."

While in the case of Russ v. Blackshear, *supra,* we said:

"The general rule is that a voluntary deed as against attacking creditors is one with a merely nominal consideration and as to whether such deeds are fraudulent the great weight of authority appears to be to the effect that such deeds or conveyances are not absolutely fraudulent *per se,* but that they only afford a *prima facie* or presumptive evidence of fraud which may be rebutted or explained. McKeown v. Allen, 37 Fla. 490, 20 South. Rep. 556; Jenkins v. Clement, 14 Am. Dec. 704, where cases supporting this and contrary view are collected.

"As to the deed from W. J. Blackshear to his wife, Gussie, the evidence as above shows that it conveyed lands that were bought and paid for by her, and was executed more than a year before the judgment was secured. As to the deed from R. B. Blackshear to his wife, Anna C., the same evidence shows that it was in consideration of the mortgage on her Dothan, Alabama, property, which was at the time of approximately the same value as the lands described in said deed. This deed was executed in 1914, long prior to the judgment.

"Neither of these deeds could therefore be said to be voluntary, and the Chancellor held the evidence in support of them ample to rebut or explain any charge as to execution for fraudulent purposes."

In Hill v. Meinhard Bros. & Co. and Hill, 39 Fla. 111, 21 Sou. 805, this Court said:

"Where a husband purchases land with his wife's money, takes the title in his own name, and subsequently conveys the land directly to his wife, no presumption of fraud in such transaction alone arises in favor of a judgment credi-

tor of the husband whose judgment was recovered eleven months after the record of the conveyance from the husband to the wife.

"If a wife permits her husband to use her money as his own by investing it in property in his own name, and the husband obtains credit upon the faith of his apparent ownership thereof, so as to estop her from interposing a claim to the property as against her husband's creditors who obtain judgment subsequent to the conveyance of such property to the wife by her husband, this is a matter of defense to such creditors upon a bill filed by the wife to enjoin a sale of said property under such judgment, and it is not necessary for such matters of defense to be negatived by allegations in the bill of complaint."

It must be borne in mind that there is a difference between the rights of creditors in those cases where the lands were purchased with money being the separate property of the wife and the title taken in the husband's name whereupon he becomes trustee for her and holds the title in trust for her, and afterwards, although being indebted at the time conveys the title by deed to the wife who has at all times been the beneficial owner of the property, and those other cases where the husband being the owner of both the title and the beneficial interest and being indebted conveys the property to his wife. In the latter case fraud will be presumed and unless there is present adequate consideration for the transfer of title, the conveyance will be held to be in fraud of creditors. But in the former case fraud will not be presumed and for creditors to be entitled to subject the property to execution, it must be alleged and proved that the credit forming the basis of the judgment was extended upon the belief that the husband, the debtor, was the owner of that particular property, coupled with the fact that the record title appeared in his name. Here the right

of the creditor to subject the property to his judgment does not depend upon any fraud perpetrated by the husband in conveying the property to his wife, but it rests upon the rule that the wife, having allowed the property to be placed in the name of her husband and allowing the record to show it to be in his name whereby he acquired credit that he would not have otherwise acquired, she is estopped from setting up her rights to the title or to the property.

If, however, the judgment creditor in such a case fails to show that the credit was extended upon the faith and belief that the husband owned the property, the title to which the record showed to be in him, then the creditor could not recover for the very apparent reason that no injury has been worked upon him by reason of the transaction between the husband and the wife. Even if the creditor knew that the title stood in the name of the husband but at the time of extending the credit had notice and knowledge of the fact that the husband only held that title in trust for his wife, then the wife would not be estopped from holding title to the property as against the judgment creditor.

In this case, as above stated, the complainant failed to show that the credit forming the basis of the judgment was extended on the faith and belief that the title to the property sought to be subjected to execution was the property of the debtor.

Therefore, the decree appealed from should be reversed with directions that a decree be entered not inconsistent with this opinion.

It is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.