FRED C. THOMAS, as surviving member of the firm of Furst & Thomas, a partnership lately composed of Fred G. Thomas and Frank E. Furst, Appellant, v. MICHAEL C. BURKE, et ux., Appellees.

200 So. 69
Division A
Opinion Filed January 31, 1941

*James N. Daniel,* for Appellant;
*D. Stuart Gillis,* for Appellees.

·Buford, J.—In this case ·appellant filed bill seeking ·discovery·in· which `it was alleged in effect that plaintiff held a judgment against Michael C. Burke; that Burke was insolvent and had been so for a period of time; that after Burke contracted the obligation which was the basis of the judgment and while he was insolvent, his wife Cassie Burke acquired deeds conveying to her three pieces of property. The bill alleged that at the time the property was purchased Cassie Burke was earning no money and that Michael C.·Burke was earning money. The bill did not allege that the land was bought with Michael C. Burke's money; nor did it allege that Cassie Burke did not pay the consideration for the land from her separate property. The bill prayed discovery as to how each parcel of land was paid for. We do not comment on the sufficiency of the bill of complaint, as its sufficiency is not challenged here.

Plaintiff filed interrogatories ·addressed to Michael C. Burke and Cassie Burke requiring them to answer showing how and with whose money each of the parcels of land was paid for.

Defendants filed an answer in which they admitted the allegations of the bill of complaint and averred that:

"These defendants further answering paragraph 6 say that the defendant Cassie Burke mortgaged the land purchased from the said J. L. Bell for the purpose of securing a part of the purchase price thereof, of which there is a balance of approximately the sum of $250 yet unpaid, and that the said Cassie Burke still owes the sum of approximately $125 on the mortgage upon the property purchased from E. S. Burke and wife, and that there is still due and unpaid the sum of $250 upon the purchase price of the land purchased from Walton Land & Timber Company."

They by apt words made the answers to interrogatories a part of the answer as though incorporated therein.

The answers to interrogatories taken with the averments to the answer are to the effect that for deed from J. L. Bell and wife Cassie Burke agreed to pay $550.00 and that she has paid a large part of the purchase price with her own money which was given to her by her mother, Mrs. Mary F. Edgar; that for the deed from E. S. Burke and wife Cassie Burke assumed to pay the balance on a mortgage then outstanding against that land annd that she had paid all but $125.00; that the consideration paid for the deed from Walton Land & Timber Company to Cassie Burke was furnished by Southern Lumber Company to whom she sold the timber on the land; and that she still owes the sum of $250.00 to Walton Land & Timber Company; that Michael C. Burke furnished no money to pay for the lands.

On final hearing the court decreed:

"This cause came on for final hearing, and was argued by counsel and thereupon, upon consideration thereof, it is considered by the court that the defendants have, by the interrogatories answered and made a part of their answer, sufficiently overcome the presumption that the property referred to in the bill of complaint was purchased with funds furnished by the husband, as to require rebuttal testimony upon the part of the plaintiff to disprove the truth of such answers to interrogatories, and plaintiff having failed to rebut such testimony, the equities are with the defendants, and it is therefore

"ORDERED, that the bill of complaint be, and the same is hereby dismissed, and it is further

"ORDERED that the defendants do have and recover of and from Fred G. Thomas, plaintiff herein, their costs incurred in the defense of this suit, now taxed in the sum of $_____ and that execution issue therefor."

8 .

On consideration of motion for rehearing the court made the. following order:

"It is true that the answers to interrogatories may not be considered as evidence for the defendants, and that the answer, even though under oath, under present practice, is merely a pleading, and not evidence. But the situation here presented is, that the plaintiff has alleged in his bill that while the husband was insolvent, the wife took title to certain property through conveyances from third parties. Aided by a presumption, this alone might have put the defendants to proof that the husband did not furnish the consideration for the conveyances. But the bill must be considered in the light of the discovery obtained through the interrogatories, taken into consideration with the allegations of the bill, considered the answers as part of plaintiff's (not defendant's) pleadings, upon a hearing which is in all respects similar to the old practice of setting the case down on bill and answer for final hearing, themselves disprove the plaintiff's theory, unless contradicted or rebutted. No useful purpose would be served to require the defendants to repeat the evidence as a part of their case."

. The appellant grounds his contention for reversal on the opinion and judgment of this Court in Kahn v. Weinlander, 39 Fla. 210, 22 Sou. 653, in which it was held:

"In a contest between creditors of a debtor and his wife over property purchased in her name there must be clear proof that the purchase was made with her separate funds; otherwise the presumption is that it was through means furnished by her husband. Storrs v. Storrs, 23 Fla. 274, 2 South, Rep. 368; Price v. Sanchez, 8 Fla. 136; Fairchild v. Knight, 18 Fla. 770. In Seitz v. Mitchell, 94 U. S. 580, it was held that purchases of real or personal property made during coverture by the wife of an insolvent debtor, are justly regarded with suspicion. She cannot prevail in con-

tests between his creditors and her involving their right to subject property so acquired to the payment of his debts, unless the presumption that it was not paid for out of her separate estate be overcome by affirmative proof, and according to the rule announced in this court she must be held to full, clear and strict proof. The rule announced in Burt v. Timmons, 29 W. Va. 441, 2 S. E. Rep. 780, is that when a wife purchases land or other property the burden is upon her to prove distinctly that she paid for the land or other property with funds not furnished by her husband. Evidence that she purchased amounts to nothing, unless it is accompanied with clear and full proof that she paid for it with funds furnished by some one other than her husband. In the absence of such proof the presumption is that her husband furnished her with the means of payment."

This enunciation was approved in Hummell, *et al.,* v. Harrington, *et al.,* 92 Fla. 87, 109 Sou. 320; Weaver-Loughridge Lumber Company v. Kirkland, 99 Fla. 427, 126 Sou. 773; Davis, *et al.,* v. DeVane, *et ux.,* 110 Fla. 108, 148 Sou. 587; Bender v. General Electric Supply Co., 117 Fla. 275, 157 Sou. 573; and in Foster, *et al.,* v. Thornton, 131 Fla. 277, 179 Sou. 882.

Paragraph 7 of Section 48 of Florida Chancery Practice Act provides:

"(7) Effect of Answers.—Answers to interrogatories shall be evidence against, but not for, the party making them."

This appears to have been recognized by the chancellor but, nevertheless the final decree, *supra,* says:

"It is considered by the court that the defendants have by the interrogatories answered and made a part of their answer, sufficiently overcome the presumption that the property referred to in the bill of complaint was purchased with funds furnished by the husband," etc.

It appears to us that this conclusion was in violation of the quoted provision of the Florida Chancery Practice Act. We, therefore, conclude that the motion of the plaintiff for rehearing should have been granted and the court should have directed testimony to be taken to determine the issue, which was whether or not the judgment debtor's money paid for the lands, title to which was taken in the name of his wife.

With the record as it stands before us, we feel that it would be a miscarriage of justice to require the court below to enter a decree without taking testimony upon which to determine and adjudicate the facts.

The decree is reversed and the cause remanded for further facts.

It is so ordered.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, J. J., concur.