**GEORGE M. POWELL** v. **AUSTIN T. RACE** and his wife, **ANNA B. RACE.**

10 So. (2nd) 142                 Division A
October 6, 1942     Rehearing Denied November 12, 1942

Sherman T. Taylor, for appellant;
E. C. Wimberly, for appellees.

ADAMS, J.:

Suit was filed by plaintiff, a creditor, to set aside certain conveyances passing title from the defendant husband to the defendant wife. From a decree dismissing the bill this appeal is taken. The decree is predicated on the chancellor's finding that the plaintiff had not proved that the conveyances were fraudulently made. It appears that the chancellor misconceived the applicable law and thereby reached an erroneous conclusion.

The wife's answer was in the nature of a confession and avoidance. It admitted the title was in the husband and the conveyances were made for a nominal consideration to place the title in the wife. The answer sets up as a defense that the property was purchased by the husband originally with the wife's money; that the property in equity belonged to the wife all the while. This, in fact, was an affirmative declaration of a resulting trust. The burden of proving same necessarily rested with the wife. It is argued that in cases where the property is purchased with the wife's funds and the title is taken in the husband's name, the presumption of fraud does not arise by virtue of a subsequent conveyance to the wife even where the husband is insolvent. Cited for this is Florida Chancery Pleading and Practice, Kooman, page 568. The author cites for such authority Foster v. Thornton, 131 Fla. 277, 179 So. 882. Upon rehearing granted this Court held in Foster v. Thornton that when plaintiff introduced his judgment and the record of the transfers the burden then shifted to the wife to prove by clear and strict proof the essential elements of her defense. This principle was reaffirmed by us in Thomas v. Burke, 146 Fla. 5, 200 So. 69.

When the issue is thus framed the nature of the case is transformed from one of fraud to that of trust. The wife asserting the trust, is burdened with the proof just as in all such cases. This Court has many times said that the party asserting a resulting trust must prove same by removing every reasonable doubt as to its existence by clear strong and unequivocal evidence. McGill v. Chappelle, 71 Fla. 479, 71 So. 836; Semple v. Semple, 90 Fla. 7, 105 So. 134; Johnston v. Sherehouse, 61 Fla. 647, 54 So. 892; Foster v. Thorn-

ton, supra; Lofton v. Starrett, 23 Fla. 565, 2 So. 837; Geter v. Simmons, 57 Fla. 423, 49 So. 131; Brown v. Brown, 106 Fla. 423, 143 So. 737.

In the case at bar the wife did not testify. She relied entirely on the testimony of her husband. This testimony as we find it here would not have been sufficient had the case been tried upon the theory that the burden of proof rested with the wife, hence the error was not harmless. It is our opinion that the decree should be reversed for further proceedings not inconsistent herewith.

Decree reversed.

BROWN, C. J., WHITFIELD, and BUFORD, JJ., concur.