Charles A. Loreto, J.
Plaintiffs are members of the National Association of Securities Dealers, Inc. (NASD). It exists under the Security Exchange Commission and is subject thereto. Machinery is provided for the processing of trade practice complaints against members. Two such complaints have been made against the plaintiffs and the plaintiffs have requested hearing thereon. •
Another trade practice complaint has been made against Landau & Co., in which there is charged, among other things, that Landau & Co. caused the publication of quotations on Steuben Electronics Corp. in the “ pink sheets ” which did not represent bona fide bids and offers for the stock. Also a second charge is made against that company to the effect that over the period involved the plaintiff company was “ engaged in a distribution of the shares of the said common stock of Steuben Electronics Corp. at least in the sense that they were engaged in a major selling effort in their own behalf and further, that Landau & Co. “ acted in concert with said Barnett & Company, Inc. to effectuate or facilitate such distribution or to aid and abet such distribution in a manner and fashion inconsistent with just and equitable principles of trade ’ ’.
*214 The hearing committee has noticed the three complaints for joint hearing. It is this procedure of which the plaintiffs complain. They have brought an action for permanent injunction restraining the hearing of the three complaints together and now move for a temporary injunction for the same relief.
The defendant association is a national securities association registered under subdivision (a) of section 15 of the Securities Exchange Act of 1934 (U. S. Code, tit. 15, § 78o). The by-laws provide for review by the board of governors and for further review by the Security Exchange Commission. Section 1 of article 5 of the Rules of Fair Practice provides that any penalty imposed by a district business conduct committee shall not take effect until the period for appeal therefrom or review has expired; and further that both parties to any proceeding resulting in a penalty shall be deemed to have assented to or to acquiesce in the imposition of such penalty unless any party aggrieved thereby shall have made application to the board of governors for review pursuant to the code of procedure within 15 days after the date of notice. With respect to the property rights and interests of members of such an association, the court is indeed reluctant to interfere with internal management and procedures unless the party has exhausted his remedies in the organization or where, regardless of the protective mechanism, the situation is such that he cannot receive a fair hearing. In this connection, plaintiffs rely on Kunze v. Weber (197 App. Div. 319, 325) where it was stated that “ If there were any such provision for review, it must be prompt in its action, otherwise the power to expel a member as an emergency act would be unreasonable and invalid. ’ ’ There disciplinary measures resulted from an ‘1 emergency order ’ ’; however, there was no provision there for any appeal from any emergency order except to bring the matter up at the convention of the American Federation. Here, however, we have prompt remedy by review.
Also plaintiffs urge that they will be denied a fair hearing by the improper joinder of charges and that courts have the power and will prevent unfair disciplinary procedures involving-broker dealers resulting from such improper joinder.
There is some merit to contention that the joinder for trial with the two charges in which they alone aré named, the charges against Landau & Co. in which plaintiffs are not named as a party but named therein as having acted, in concert with said firm in improper practices, may result in prejudicing the mind of the hearing officers in considering and evaluating the evidence exclusively referrable to the charges against them alone because *215 of the cumulative effect of the evidence resulting from the charge against the other party (United States v. Lotsch, 102 F. 2d 35).
Plaintiffs cited Wallach v. Securities & Exch. Comm. (202 F. 2d 462 [C. A. D. C., 1953]) as authority denying as improper joinder of salesmen to a proceeding brought by the Security Exchange Commission to revoke the registration of a broker-dealer under the provision of section 78y of title 15 of the United States Code. It is apparent that the relief there was granted in the Federal forum.
A very recent decision of the California District Court of Appeals, First District, Division One (Rudolph v. Fulton, 178 Cal. App. 2d 371 [Feb. 25, 1960]) holds that the remedy of an aggrieved member of the NASD, as plaintiffs herein, must be sought in the Federal courts. It is therein stated: ‘ ‘ Section 25 of the Securities Exchange Act provides for judicial review by the appropriate federal Circuit Court of Appeals of decisions of the Securities and Exchange Commission. 15 U. S. C. A., § 78y. The section has been held to include cases originating with the NASD. R. H. Johnson & Co. v. Securities & Exchange Com. (2d Cir., 1952 198 F. 2d 690, cert. den. 344 U. S. 855 [73 S. Ct. 93, 97 L. Ed. 663].) Judicial remedies provided by the Securities Exchange Act are exclusive (Securities & Exchange Com. v. Andrews, 2d Cir., 1937, 88 F. 2d 441; Johnson v. McNeill, 1942, 151 Fla. 536 [10 So. 2d 142].) Therefore, if plaintiff is entitled to any relief because of the alleged acts of the defendants in prosecuting him before the NASD, such relief can be obtained only in the federal Circuit Court of Appeals.”
It thus appears that this matter falls within an area preempted by the Federal jurisdiction.
Accordingly plaintiffs’ motion is denied.