183 So.2d 701 (1966)
Eugenia A. GYOROK, Formerly Eugenia A. Davis, Appellant,
v.
Vernon E. DAVIS, Shirely J. Smith and Phillip A. Smith, Appellees.
No. 65-935.
District Court of Appeal of Florida. Third District.
March 8, 1966.
*702 E. Paul Beatty, Miami, for appellant.
Richard M. McIver, Miami, for appellees.
Before HENDRY, C.J., and TILLMAN PEARSON and BARKDULL, JJ.
HENDRY, Chief Judge.
This is an interlocutory appeal by plaintiff from an order dismissing the cause against respondent, Shirley J. Smith, and vacating lis pendens.
A final decree of divorce was entered on October 18, 1963 dissolving the marriage, a vinculo matrimonii, between the plaintiff, Eugenia A. Gyorok, formerly Eugenia A. Davis and defendant, Vernon E. Davis. This decree incorporated a property settlement agreement between the parties wherein the defendant agreed to pay to the plaintiff $75.00 per month for the support of each minor child which remained in her care and custody.
The defendant was in arrears in his child support payment and on April 6, 1964, plaintiff filed a petition to show cause and prayed for a writ of sequestration against defendant's interest in property previously owned jointly by the parties. The property, to which defendant received a one-half undivided interest under the property settlement agreement, is described as follows:
Lot 19, in Block 10 of Randal Park, according to the plat thereof, as recorded in Plat Book 53, at Page 20, of the Public Records of Dade County, Florida.
This proceeding was terminated by order entered April 20, 1964, defendant having paid all sums due plaintiff.
The defendant again became in arrears in the child support payments and on January 18, 1965, he was ordered to appear and show cause. Upon the failure of the defendant to appear the lower court entered judgment against him in the sum of $750.00 together with $50.00 attorney's fees.
On April 21, 1965, plaintiff petitioned for a writ of sequestration against defendant's interest in the previously described property, and attempted to join the respondent as a necessary party.
In her petition the plaintiff alleged that defendant conveyed his interest in said property to his sister, the respondent, by deed dated October 5, 1964 and filed December 1, 1964. It was further alleged that the conveyance was made without consideration for the fraudulent purpose, design, and intent to delay or hinder the plaintiff in her efforts to collect the child support payments due her.
*703 At the close of plaintiff's evidence upon trial of the cause, the court dismissed the cause against the respondent and vacated the lis pendens on the ground that upon the facts and the law the plaintiff has shown no right to the relief sought against the respondent.
Plaintiff contends that the lower court erred in dismissing the cause since the evidence presented is sufficient to withstand a dismissal in the nature of a directed verdict as it established a prima facie case to set aside the conveyance as fraudulent under § 726.01 Fla. Stat., F.S.A.[1]
Plaintiff's evidence reveals that at the time of the hearing on her petition, the arrearages had increased to $2,150.00. Further, the conveyance at issue was made by a deed which recited a consideration of $10.00 and upon which there is a 30¢ Florida documentary stamp tax. Respondent was called as a witness for the plaintiff and testified that although the approximate value of the property was $10,000.00 she had given no money for the one-half interest conveyed to her. She stated that since his divorce, the defendant has from time to time stayed at her home without paying rent or board and at which times she had loaned him small amounts of money.
The defendant has a continuing obligation to furnish the plaintiff child support payments under the divorce decree so long as the minor children remain in her care and custody. During this period any conveyance of land by the defendant is void as against the plaintiff if it is in violation of § 726.01, supra. While a deed furnished on nominal consideration is not absolutely fraud per se, it does afford prima facie evidence of fraud.[2] Moreover, where the transferee is a relative of the transferor, it tends to establish a prima facie case.[3]
Reviewing the evidence in a light most favorable to the plaintiff we find that it is sufficient to establish a prima facie case. At this point the burden of going forward shifted to the defendant.[4]
Therefore, the order dismissing the cause at the close of plaintiff's evidence is reversed and the cause remanded with directions to the chancellor to set aside said order and proceed with the trial of the cause.
Reversed and remanded.
NOTES
[1] Section 726.01, Fla. Stat., F.S.A. reads in pertinent part as follows:

"Every feoffment, gift, grant, alienation, bargain, sale, conveyance, transfer and assignment of lands, * * * which shall at any time hereafter be had, made or executed, contrived or devised of fraud, covin, collusion or guile, to the end, purpose or intent to delay, hinder or defraud creditors or others of their just and lawful actions, suits, debts, accounts, damages, demands, penalties or forfeitures, shall be from henceforth as against the person or persons * * * and every one of them so intended to be delayed, hindered or defrauded, deemed, held, adjudged and taken to be utterly void, frustrate and of none effect, any pretense, color, feigned consideration, expressing of use or any other matter or thing to the contrary notwithstanding; provided, that this section, or any thing therein contained, shall not extend to any estate or interest in lands, * * * which shall be had, made, conveyed or assured if such estate shall be, upon good consideration bona fide, lawfully conveyed or assured to any person or persons * * * not having at the time of such conveyance or assurance to them made any manner of notice or knowledge of such covin, fraud or collusion as aforesaid, anything in this section to the contrary notwithstanding."
[2] Russ v. Blackshear, 88 Fla. 573, 102 So. 749 (1925).
[3] Money v. Powell, Fla.App. 1962, 139 So.2d 702.
[4] Hackley v. Oltz, Fla.App. 1958, 105 So.2d 20.