FIFTH AVENUE COACH LINES, INC., Respondent, *v.* NEW YORK STOCK EXCHANGE, Appellant.

First Department, June 9, 1966.

*Edward J. Reilly, Jr.,* of counsel (*Samuel L. Rosenberry, William E. Jackson* and *A. Sidney Holderness, Jr.,* with him on the brief; *Milbank, Tweed, Hadley & McCloy,* attorneys), for appellant.

*William H. Frappollo* of counsel (*John F. Lang,* attorney), for respondent.

*Philip A. Loomis, Jr.,* of counsel (*Edward B. Wagner* with him on the brief; *Theodore Sonde,* attorney), for Securities and Exchange Commission, *amicus curiæ.*

BOTEIN, P. J. Petitioner is a corporation, with capital stock which is listed and registered on the New York Stock Exchange, a national securities exchange registered with the Federal Securities and Exchange Commission. A rule of the Exchange provides, among other things, that "the Exchange would normally give consideration to suspending or removing from the list a security of a company when * * * the principal operating assets have been substantially reduced such as by * * * condemnation, seizure or expropriation, or the company has ceased to be an operating company or discontinued a substantial portion of its operations or business for any reason whatsoever."

The Exchange has made application to the Securities and Exchange Commission to strike petitioner's stock from listing and registration, on the ground that it "is informed and believes that the company has ceased to be an operating company in that in March 1962 substantially all of the operating assets of the company were seized by the City of New York leaving the Company with only a small subsidiary." Maintaining that it has not ceased to be an operating company, and that the action of the Exchange is arbitrary and harmful to the interests of the stockholders, petitioner brought this proceeding pursuant to article 78 of the CPLR, to enjoin the Exchange from delisting the stock. A motion made at Special Term by the Exchange to dismiss the proceeding has been denied and, pursuant to leave of a Justice of this court (CPLR 5701, subd. [c]), it appeals.

The primary contention of the Exchange, advanced with the support of the commission as *amicus curiæ,* is that the court lacked jurisdiction to grant the petition since the subject matter falls within an area pre-empted by the Federal Government. The contention appears to us sound, and we find it unnecessary therefore to consider whether the petition otherwise states a cause of action.

Congress has declared in the Securities Exchange Act of 1934 that "transactions in securities as commonly conducted upon securities exchanges and over-the-counter markets are affected with a national public interest which makes it necessary to provide for regulation and control of such transactions and of practices and matters related thereto" (§ 2, U. S. Code, tit. 15, § 78b). Among the implementing provisions of the act are prohibitions against transactions on an exchange unless it is registered as a national securities exchange with the Securities and Exchange Commission (§ 5; U. S. Code, tit. 15, § 78e). An application by an exchange to be registered may not be granted unless it appears to the commission that the applicant's rules "are just and adequate to insure fair dealing and to protect investors" (§ 6, subd. [d]; U. S. Code, tit. 15, § 78f, subd. [d]); and, in respect of a variety of matters, including "the listing or striking from listing of any security", the commission is authorized to impose changes in the rules of a registered exchange "necessary or appropriate for the protection of investors or to insure fair dealing in securities traded in upon such exchange or to insure fair administration of such exchange" (§ 19, subd. [b]; U. S. Code, tit. 15, § 78s, subd. [b]).

The source of authority to delist a security is found in subdivision (d) of section 12 (U. S. Code, tit. 15, § 78l, subd. [d]),

which provides in part: "A security registered with a national securities exchange may be withdrawn or stricken from listing and registration in accordance with the rules of the exchange and, upon such terms as the Commission may deem necessary to impose for the protection of investors, upon application by the issuer or the exchange to the Commission". The rules of the commission provide that if the applicant is the exchange it shall promptly deliver a copy of the application to the issuer, and that the commission "may order a hearing to determine whether the application to strike the security from listing and registration has been made in accordance with the rules of the exchange, or what terms should be imposed by the Commission for the protection of investors" (Code of Fed. Reg., tit. 17, § 240.12d2-2, subds. [c], [e]). Although under subdivision (d) of section 12 the commission decides whether the delisting rules of the exchange have been complied with and "does not have the power to inquire as to the reasonableness or propriety of the rules" as they then exist (*Atlas Tack Corp.* v. *New York Stock Exch.*, 246 F. 2d 311, 317), it has been pointed out that if their reasonableness or propriety is questioned the commission may determine whether changes are necessary or appropriate under its subdivision (b) of section 19 powers and may hold the delisting proceeding in abeyance pending the determination (*Exchange Buffet Corp.* v. *New York Stock Exch.*, 244 F. 2d 507, 510).

Any person aggrieved by an order issued by the commission in a proceeding under the act to which such person is a party may obtain a review of the order in a Federal Court of Appeals (§ 25; U. S. Code, tit. 15, § 78y). The review so afforded is utilized by issuers of securities to contest commission orders granting applications to delist, as the cases above cited show.

These interlocking statutory provisions constitute an integrated administrative and judicial procedure by which, it seems clear, Congress intended the delisting process to be specially regulated and controlled. Accordingly, that procedure must be held exclusive (see *Sunshine Coal Co.* v. *Adkins,* 310 U. S. 381, 404; *Barnett & Co.* v. *National Assn. of Securities Dealers,* 23 Misc 2d 213, 215, affd. 11 A D 2d 681).

The order entered on February 10, 1966, denying the motion to dismiss the petition should therefore be reversed, on the law, the motion granted and the petition dismissed, with costs and disbursements.

BREITEL, McNALLY, STEVENS and EAGER, JJ., concur.

52

Order, entered on February 10, 1966, unanimously reversed, on the law, with $50 costs and disbursements to the appellant, and appellant's motion to dismiss the petition granted, with $10 costs.